MARTHA GAYLOR, COMPLAINANT, APPELLEE, *v.* ALDRIDGE MILLER AND WIFE, DEFENDANTS, APPELLANTS.

(*Knoxville*, September Term, 1932.)

Opinion filed March 21, 1933.

BEN F. ALEXANDER, for complainant, appellee.

J. N. RUSSELL, for defendants, appellants.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

This case is before us on the petition for *certiorari* to the Court of Appeals, filed by the defendants, Aldridge Miller and wife.

The bill was filed by Martha Gaylor, as the owner of a tract of land described in the bill, for a decree avoiding as a cloud on her title a deed to said land issued by the clerk and master of the Chancery Court of Campbell County, pursuant to a sale held under the orders of that court.

The bill avers that the complainant is the owner of the

fee-simple title to said land, by virtue of a conveyance made to her by S. E. Bradam and wife, dated November 19, 1925, and that she is in lawful possession thereof.

The tract of land in question lies in both Anderson and Campbell Counties.

The material facts disclosed by the record are that this land was sold by William H. Miller to S. A. Bradam and wife, Mardlen Bradam, by deed dated August 19, 1925; and was conveyed by Bradam and wife to the complainant by deed dated November 19, 1925. Both these deeds were admitted to record in the office of the Register of Anderson County on May 8, 1926. Both deeds recite a cash consideration, fully paid and received. The consideration recited in the deed from Miller to Bradam is $1750. Complainant has been in continuous possession of the land since the date of the deed to her.

On April 17, 1926, William H. Miller, Bradam's vendor, filed his bill against S. E. Bradam, without joining the latter's wife, asserting an implied vendor's lien on the land as security for the payment of a promissory note for $250. With reference to this note, Miller's bill averred: "The consideration price for said land was Twelve Hundred Dollars all of which was paid in hand, except Two Hundred Dollars, for which defendant executed the complainant a note bearing date of the same day as the deed herein, August 19, 1925, but said note was given for Two Hundred and Fifty Dollars but Fifty Dollars of the said note was for other considerations, and only Two Hundred Dollars of the said note was for the remaining consideration of the lands mentioned herein."

Bradam answered Miller's bill, denying that any part of the note for $250 was for the purchase price of the land, claiming that the entire consideration for the note

was personal property purchased at the same time. However, he filed no proof in aid of his answer.

The decree of the chancellor was that the entire amount of the note was a part of the purchase price of the land, and that the complainant, Miller, was entitled to enforce his vendor's lien upon the land for the whole of the note, with interest and attorneys' fees, amounting in all to $311. It was thereupon decreed that the land be sold, "unless the said sum of $311 and all the costs of this cause is paid into this court within thirty days from this date." The sale was ordered to be made in bar of all homestead and dower rights and in bar of the equity of redemption, the bill praying for such sale. This decree was rendered on November 22, 1928.

The land was sold to the present defendant, Aldridge Miller and wife, for the sum of $250. The deed of the clerk and master to Miller and wife, dated July 10, 1929, recites that of this sum Miller and wife paid $71.70, "creditor costs," and "arranged with William H. Miller, the judgment (creditor), who agreed to accept them for the balance purchase money amounting to $125."

Aldridge Miller testified in this cause that he "paid William H. Miller and took the deed," but did not testify with regard to the amount paid William H. Miller.

The bill of William H. Miller averred that Bradam was about to sell the land to William Gaylor and that Bradam "has no doubt executed a deed to said Gaylor," but that no such deed had then been placed of record. It was then averred that Bradam was about to make a fraudulent conveyance of the land, in order to defeat Miller's lien. These averments were made to justify the filing of the bill before the maturity date of the note for $250, and in support of an attachment on the land, which

was prayed and levied. The decree of the chancellor, however, did not adjudge that Bradam was about to fraudulently convey his land, and the relief granted was predicated solely and entirely upon Miller's right to a vendor's lien for unpaid purchase money.

The bill filed by Martha Gaylor in the present cause does not specify the grounds for the claim that the clerk and master's deed to Aldridge Miller and wife should be declared void as a cloud upon her title. There was no demurrer to the bill on this point, but an answer was filed by the defendants relying upon the decree of the Chancery Court of Campbell County, by which the vendor's lien was perfected, as a valid and binding decree.

■■■■ Upon proof that the present complainant, in possession of the land before the bill was filed in Campbell County, was not made a party defendant to that suit, and had no knowledge of the pendency thereof until after the execution of the deed by the clerk and master to Aldridge Miller and wife, when a demand was made for the surrender of possession to the latter, the chancellor and Court of Appeals have decreed that the clerk and master's deed was void as against complainant's title, and the defendants have been enjoined from interfering with complainant's possession.

This holding was made upon the authority of *Steele* v. *Satterfield*, 148 Tenn., 649, 257 S. W. 413. This case does not support the conclusion reached. The holding in *Steele* v. *Satterfield* was only that a writ of possession, a summary writ, could not be issued to the purchaser at a foreclosure sale, to remove a person in possession who was not a party to the action in which the writ was invoked, his possession having commenced prior to the beginning of the action. The case involved only the right to sum-

mary process; not the validity of the title acquired by the purchaser at the foreclosure sale. The case is cited in *Lime & Cement Co.* v. *Kaucher,* 164 Tenn., 657, as holding "that the subsequent purchaser was not a necessary party to such a suit (to enforce a vendor's lien or to foreclose a mortgage) if the object was only to secure a decree against the original purchaser or mortgagor and a sale of such title and interest as he might have."

We cannot concur, therefore, in the reasons stated by the chancellor and Court of Appeals for their conclusion that the decree rendered by the Chancery Court of Campbell County in the case of *Miller* v. *Bradam* was void, and that the dependent sale of the land to enforce the vendor's lien was of no effect, as against complainant's title and right of possession. It does not necessarily follow, however, that we should grant the writ of *certiorari,* to the end that the decree rendered by the Court of Appeals should be reversed. "The issuance of a writ of *certiorari* . . . is in the judicial discretion of the court, to be granted only when necessary to prevent substantial wrong, especially where the matters in controversy are of a public nature." *Ashcroft* v. *Goodman,* 139 Tenn., 625, 633.

A judgment or decree in excess of the amount pleaded is void, to the extent of the excess. *Murphy* v. *Johnson,* 107 Tenn., 552. In the original bill filed by William H. Miller to enforce his vendor's lien, he expressly disclaimed more than $200 of the $250 note as being a part of the purchase money of the land against which the lien was sought. The decree of the chancellor, adjudging the entire amount of the note as a part of the purchase price of the land, was therefore wholly without warrant in the pleadings. The land was sold for this excess as well as

for the $200. We are inclined to the view, although it is not now determined, that the sale and conveyance made in aid of this decree was altogether void, as against the rights of the complainant. If this were all, we would, however, hold that the purchaser is entitled to be reimbursed by the complainant, as a condition to the cancellation of his deed, to the extent that the sum paid by him for the land operated to extinguish a valid lien claim against the land. See *Isham* v. *Sienknecht* (Court of Chancery Appeals), 59 S. W., 779; *Kindell* v. *Titus*, 56 Tenn. (9 Heisk.), 727, 741.

The bill of William H. Miller to fix and enforce his vendor's lien was, however, filed only against S. E. Bradam. The legal title which Miller had conveyed, and upon which he sought to fasten his equitable lien, had been vested by his deed to S. E. Bradam and wife, Mardlen Bradam. The title was held by Bradam and wife as tenants by the entirety. Neither was seized in his own or her own right of any undivided interest in the land. "The estate of husband and wife is a unit, not made up of any divisible parts subsisting in different natural persons, but is an indivisible whole, vested in two persons who are actually distinct, yet who, according to legal intendment, are one and the same." *Taul* v. *Campbell*, 15 Tenn. (7 Yerg.), 318, 336, 27 Am. Dec., 508.

The implied vendor's lien, recognized by courts of equity in this state, "is not a lien until a bill has been filed to assert it; before that is done, it is mere equity or capacity to acquire a lien and to have a satisfaction of it." *Robinson* v. *Owens*, 103 Tenn., 91, 93.

This being the nature of the claim, to enforce which the sale to the defendants was made by the Chancery Court of Campbell County, we think it obvious that that

court was without jurisdiction to fix and adjudge the lien in a suit to which one of the tenants by the entirety, in whom title was vested, was not made a party. The bill to enforce the lien did not seek to have it fixed only on the estate or interest of the defendant who was before the court, but on the land itself, and the decree directed the sale, not merely of the interest of S. E. Bradam, but of the land. The deed of the clerk and master purported to convey the premises. The court assumed to sell and convey the whole title, when it had acquired jurisdiction only of the interest of one of the two tenants by the entirety. Stating it differently, the entire title was sold as belonging to the defendant, S. A. Bradam, and he was not vested with such title.

Since the title conveyed by the vendor, William H. Miller, was not brought under the jurisdiction of the court in the bill filed by him to fix and enforce his lien, the lien did not come into existence, and the conveyance to Aldridge Miller and wife is wholly ineffective and void, as against the title of the complainant, acquired before the suit was begun.

Being of the opinion therefore that the decree of the Court of Appeals, avoiding the deed of the defendants as a cloud on complainant's title, is sustained by the record, although not for the reasons stated by that court, the writ of *certiorari* is denied.