Hugh D. BLANCHARD and Cullen Jenkins, d/b/a Blanchard & Jenkins Construction Company, Plaintiffs-Appellees,

v.

TERRY & WRIGHT, INC. and Federal Insurance Company, Defendants-Appellants.

No. 15504.

United States Court of Appeals Sixth Circuit.

May 11, 1964.

John P. Sandidge, Louisville, Ky., Robert P. Hobson, Louisville, Ky., on brief, for appellants.

Edgar A. Zingman, Louisville, Ky., J. David Grissom, Louisville, Ky., on brief; Wyatt, Grafton & Sloss, Louisville, Ky., of counsel, for appellees.

Before WEICK, Chief Judge, and O'SULLIVAN and EDWARDS, Circuit Judges.

WEICK, Chief Judge.

The complaint was filed in the District Court by a materialman against the principal contractor and his surety to recover for materials and the rental value of equipment in the amount of $51,180.11, furnished the contractor in connection with the performance of his contract with the United States for the construction of a dam and spillway at the Rough River Reservoir in Grayson County, Kentucky.

The complaint alleged diversity of citizenship of the plaintiffs and the corporate defendants, but did not state where the principal place of business of either of the defendants was located.

After the lapse of several years, the case came on for trial on its merits before a jury which returned a verdict in favor of plaintiffs for $17,899.92. Judgment was entered thereon on November 23, 1962. The court denied defendants' timely motion for judgment notwithstanding the verdict on March 6, 1963. On June 17, 1963 the court denied defendants' motions to vacate and set aside the judgment and to dismiss the case for lack of jurisdiction. In this motion to vacate defendants asserted for the first time that the principal place of business of the contractor was Kentucky, which was the plaintiffs' place of residence;[1] that no allegation was made in the complaint as to the principal place of business of the surety which was a foreign corporation. Defendants claimed that there was a presumption of no diversity of citizenship citing Bell v. Gray, D.C.Ky., 191 F.Supp. 328, affirmed 287 F.2d 410 (CA 6). The Bell case, however, does not support the proposition for which it was cited.

On April 10, 1963, during the pendency of defendants' motions to vacate and dismiss, plaintiffs filed a motion for leave to file their third amended complaint to specifically invoke jurisdiction under the Miller Act (40 U.S.C. §§ 270a–270c) and to change the plaintiffs' part of the caption of the case so that it would read:

"United States of America for the use and benefit of Hugh D. Blanchard & Cullen Jenkins d/b/a Blanchard and Jenkins Construction Company,

*Plaintiffs,*

v.

Terry & Wright, Inc., and Federal Insurance Company,

*Defendants."*

The third amended complaint, tendered for filing with the motion for leave to file, did not change in any respect the substantive allegations setting forth plaintiffs' claim. The court granted the *motion for leave to file the third amended* complaint on June 17, 1963, and on the same day denied defendants' motions to vacate and dismiss. Defendants appealed from the order denying their motions to vacate and set aside the judgment and dismiss the complaint, and granting plaintiffs leave to amend.

The argument of appellants was that the complaint did not allege nor did the evidence prove diversity jurisdiction and that the judgment was therefore void for lack of jurisdiction. Appellants further contended that the court had no jurisdiction to grant plaintiffs leave to file their third amended complaint and that they can raise the jurisdictional question at any time.

■ We think that the broad allegations of the complaint were sufficient to confer jurisdiction upon the District Court. *Diversity of citizenship and* amount were alleged although the principal offices of the defendants were not

---

1. Testimony at the trial disclosed that the principal place of business of Terry & Wright, Inc. was in Kentucky.

specifically set forth. It was not claimed here that the principal office of Federal Insurance Company was in Kentucky. If Terry & Wright, Inc. were dismissed from the case there would then be no question that even diversity jurisdiction existed. Appellees are willing to dismiss this defendant if the Court finds it necessary to establish jurisdiction. We think jurisdiction exists even though said defendant remains in the case. More important than the allegations in the complaint concerning diversity of citizenship were the allegations that the contract for the construction of the dam and spillway was with the United States, and that the bond was executed to guarantee the performance of that contract and the payment of all bills for labor and material furnished in connection therewith. In our opinion, these general allegations were sufficient to invoke jurisdiction under the Miller Act without the necessity of referring to the Act by name.

■ It is true that the name of the United States does not appear in the caption of the complaint, but the caption is not regarded as containing any part of plaintiffs' claim. We must look to the allegations of the complaint in order to determine the nature of plaintiffs' cause of action. State of Ohio, ex rel. Seney v. Swift & Co., 270 F. 141, 147 (CA 6). There it clearly appears to be a claim cognizable under the Miller Act.

■ Exclusive jurisdiction in the District Court was expressly conferred by the Miller Act. United States, for the Use of Bryant Elec. Co., v. Aetna Casualty & Surety Co., 297 F.2d 665 (CA 2). District Courts also have concurrent jurisdiction with the state courts of any action on a bond executed under any law of the United States. 28 U.S.C. § 1352. Continental Casualty Co. v. United States, 305 F.2d 794 (CA 8); United States for Use of Bryant Elec. Co. v. Aetna Casualty & Surety Co., supra. Even though the allegations of the original complaint with respect to jurisdiction of the court were defective, the trial or appellate court had full power to correct them. 28 U.S.C. § 1653; Stern v. Beer, 200 F.2d 794 (CA 6); Chicago Stadium Corporation v. State of Indiana, 220 F.2d 797 (CA 7). Cf. Moore v. Coats Company, 270 F.2d 410 (CA 3).

■ We do not follow the argument that the court had no jurisdiction to grant the amendment. The case was pending in the District Court at the time on defendants' motions to vacate and set aside the judgment and dismiss the complaint for the very defects in the complaint which the amendment permitted by the court corrected. If the court had jurisdiction to pass upon defendants' motions, we can see no reason why the court could not remedy the technical defects of which they were complaining.

The third amended complaint did not change the nature of plaintiffs' claim which was to recover for supplies sold to a contractor who had furnished bond under the Miller Act.

In our judgment, the failure to name the United States as a party for the use and benefit of the plaintiffs in the original complaint did not prejudice either the United States or the defendants. Plaintiffs could have named the United States as a party plaintiff without its knowledge or consent. The United States would have had no control over the litigation. The use plaintiffs would be represented by their own lawyers and not by any representative of the Department of Justice. The United States would not be liable for court costs. The claim set forth in the complaint as well as the judgment belonged to the use plaintiffs and not the United States.

■ We regard the failure to name the United States a party plaintiff in the original complaint at most a formal irregularity, which ought not to affect the jurisdiction of the District Court. Hendry Corp. v. American Dredging Co., 318 F.2d 299 (CA 5). This irregularity was cured by the amendment permitted by the court.

■ The interest of the United States was merely nominal. Equitable Surety Co. v. United States, to the use of McMillan, 234 U.S. 448, 457, 34 S.Ct. 803, 58

470

L.Ed. 1394. The use plaintiffs were the real parties in interest.

We find no error of the District Court in denying appellants' motions to set aside the judgment and dismiss the complaint or abuse of discretion in granting leave to file the third amended complaint.

Judgment affirmed.