Alton TYROLF

v.

The VETERANS ADMINISTRATION.

Civ. A. No. 78–4079.

United States District Court,
E. D. Louisiana.

April 6, 1979.

David W. Oestreicher, II, and Walter J. Rothschild, of Oestreicher & Whalen, New Orleans, La., for plaintiff.

Michaelle Pitard, Asst. U. S. Atty., New Orleans, La., for defendants.

ORDER AND REASONS FOR RULING

CHARLES SCHWARTZ, District Judge.

■ This matter came before the Court on defendants' motion to dismiss, and plaintiff's opposition memorandum. At the hearing the Court dismissed the Veterans Administration as a party defendant since Congress has not designated the Veterans Administration a suable entity, *see Blackmar v. Guerre,* 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534 (1952); *Suess v. Pugh,* 245 F.Supp. 661 (N.D.W.Va.1965); *Declet v. Veterans Administration,* 129 F.Supp. 566 (D.Puerto Rico 1955). Under 28 U.S.C. § 2679(a) the exclusive tort remedy for plaintiff exists against the United States. Pending receipt of a supplemental memorandum of the United States, the matter was taken under submission regarding the issue whether the United States had been properly designated as a party defendant in the original complaint. Having received this memorandum and having carefully considered the written arguments of counsel, the record, and the applicable law, the Court rules as follows:

On December 12, 1978 plaintiff filed a complaint in the United States District Court for the Eastern District of Louisiana commencing an action pursuant to 3 F.R.C.P., for his alleged tort injuries sustained on or about March 4, 1976 while he was a patient in the care, custody, and control of the Veterans Administration in its hospital in New Orleans, Louisiana. Suit was brought under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.,* with jurisdiction based under 28 U.S.C. § 1346(b). On February 28, 1978 plaintiff first presented his claim for damages to the Veterans Administration; this administrative tort claim was denied by letter from the district counsel on July 13, 1978, at which time plaintiff was notified of his rights to judicial consideration of his claim pursuant to 28 U.S.C. §§ 2675, 1346(b), and of the requirement that a civil action be commenced within six (6) months of the mailing of the notice of denial delineated under 28 U.S.C. § 2401(b). Plaintiff filed his complaint just within the six-month preemptive period. Service of process was made on the United States Attorney for the Eastern District of Louisiana on December 18, 1978 and on the Attorney General of the United States on December 19, 1978. The United States Attorney moved (1) to dismiss the Veterans Administration as a party defendant, and (2) to dismiss the entire action on the grounds that plaintiff did not comply with the provisions of the Federal Tort Claims Act since the United States contends that plaintiff failed properly to name the United States as a party defendant and thus failed to institute an action against the United States within six (6) months. Plaintiff has moved to amend his complaint pursuant to F.R.C.P. 15(a), 15(c) to add the United States as a party defendant in the complaint, but argues that suit was properly commenced against the United States under the original petition. This Court, as noted above, granted the motion to dismiss the Veterans Administration.

Plaintiff's complaint instituting the present action contained the following caption: "Alton Tyrolf Versus The Veterans Administration." The action was based on the Federal Tort Claims Act and the complaint prayed relief "against *the defendants, United States of America and The Veterans Administration* . . . ." (Emphasis added.) Service of process was directed on:

*United States of America through the Attorney General Washington, D.C.*

The United States Attorney
Hale Boggs Federal Building
500 Camp Street
Suite 210
New Orleans, LA 70130

The Veterans Administration
Washington, D.C.

(Emphasis added.) The United States contends that since it was not named in the caption to the suit, it did not receive proper notice of the commencement of the action within the six-month period of 28 U.S.C. § 2401(b). Furthermore, the United States argues that since service of process was not effected on the United States until after the six-month period, the United States was not put on timely notice of the suit.

 Rule 10(a) of the Federal Rules of Civil Procedure provides that:

Every pleading shall contain a caption setting forth the name of the court, the title of the action, the file number, and a designation as in Rule 7(a). In the complaint the title of the action shall include the names of all the parties, but in other pleadings it is sufficient to state the name of the first party on each side with an appropriate indication of other parties.

F.R.C.P. 10(a). Notwithstanding the requirement that a pleading be appropriately captioned, a defective caption does not deprive the court of its power to look beyond the caption in order to determine jurisdiction. Professors Wright and Moore's discussion of the rule is particularly applicable:

Although helpful to the Court, the caption usually is not considered a part of the pleader's statement of claim or response and is not determinative as to the partes to the action or the Court's jurisdiction. . . . If the body of the

complaint correctly identifies the party or the proper person actually has been served with process, courts generally will allow an amendment under Rule 15 to correct technical defects in the caption. This seems appropriate inasmuch as a defective caption or even its complete absence is merely a formal error and should never be viewed as a fatal defect. 5 C. Wright & A. Miller, Federal Practice & Procedure § 1322, at 458–61 (1969) (citing *Blanchard v. Terry & Wright, Inc.*, 331 F.2d 467 (6th Cir. 1964), *cert. denied*, 379 U.S. 831, 85 S.Ct. 62, 13 L.Ed.2d 40 (1965); *Hoffman v. Halden*, 268 F.2d 280 (9th Cir. 1959)). Here, the body of the complaint named the United States as a party defendant. The six-month preemptive period, which is jurisdictional and not analogous to a statute of limitations since it establishes prerequisites to the maintenance of an action under the Act, *Finn v. United States*, 123 U.S. 227, 233, 8 S.Ct. 82, 83–84, 31 L.Ed. 128 (1887); *Quinton v. United States*, 304 F.2d 234, 241 (5th Cir. 1962) (Hutchinson, J., concurring); *Simon v. United States*, 244 F.2d 703 (5th Cir. 1957); *Smith v. Randall*, 393 F.Supp. 1320 (D.Md.1934); is interrupted upon commencement of an action provided further that service is effected promptly, *Moffitt v. United States*, 430 F.Supp. 34 (E.D.Tenn.1976); *Messenger v. United States*, 14 F.R.D. 515 (E.D.N.Y.1953), *aff'd*, 231 F.2d 328 (2d Cir. 1956). Thus, since service was promptly effected on the United States of a complaint which named the United States as a party defendant in its body, if the omission of the United States from the caption is not a fatal flaw, this Court has jurisdiction under the Federal Tort Claims Act.

The United States cites the holdings in *Carr v. Veterans Administration*, 522 F.2d 1355 (5th Cir. 1975); *Evans v. United States Veterans Administration Hospital*, 391 F.2d 261 (2d Cir. 1968), for the proposition that an amendment under Rule 15(c) will not relate back to the date of the initial filing of the complaint to add the United States as a party defendant when the United States has not been apprised timely of the institution of suit against *it* as opposed to suit instigated against one of its agencies which is not a suable entity. The United States further contends that the plaintiff made a binding judicial admission that it had not named the United States as a party defendant by requesting leave to amend the complaint, and further seeks to distinguish *Blanchard v. Terry & Wright, Inc., supra*, and *Hoffman v. Halden, supra*.[1] This Court must reject the United States' argument based upon *Carr* and *Evans* since in both cases the complaints that were filed neither mentioned the United States as a party defendant in the caption *or* in the body of the complaint and in both cases service was not effected upon the United States as sovereign, as it was here, but was effected upon the United States Attorney and Attorney General as agents of the Veterans Administration not the United States. The Court also rejects the United States' attempt to distinguish the holdings in *Blanchard* and *Hoffman* on their factual settings, and is of the opinion that the better reading of Rule 10(a) is the one expressed by Professors Wright and Moore. Finally, the Court reads plaintiff's statement requesting leave to amend the complaint to add the United States as a defendant as a request to amend the *caption* of the complaint in order to comply with the literal, technical requirements of Rule 10(a). The mere failure to comply with such a technical rule of pleading is not, in this Court's opinion, fatal since the broad principles underlying notice pleading under the Federal Rules, *see Conley v. Gibson*, 355

---

1. The United States argues that both *Blanchard* and *Hoffman* are inapplicable. It contends that although in *Blanchard* the court looked beyond the caption to determine that the United States in fact was not the real party in interest, since *Blanchard* was a Miller Act case, the United States is not the real party in interest whether or not listed in the caption. It distinguishes *Hoffman* on the basis that it involved parties brought in by amended and second amended complaints. Thus, it is the United States' position that the holding in *Carr v. Veterans Administration, supra*, precludes this Court from looking beyond the caption in order to determine if the United States received actual notice of the instigation of litigation against it.

U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957); *Hines v. Wainwright,* 539 F.2d 433 (5th Cir. 1976); *Hollander v. Davis,* 120 F.2d 131 (5th Cir. 1941), and the actual notice received by the United States, *cf.* 6 C. Wright & A. Miller, Federal Practice and Procedure § 1502 (1971), compel a finding in favor of plaintiff. Thus, this Court grants plaintiff's request to amend the caption, with this amendment relating back under Rule 15(c) to the date of the initial filing.

For the reasons stated above,

IT IS ORDERED that defendants' motion to dismiss be and it is hereby GRANTED IN PART AND DENIED IN PART, solely dismissing the Veterans Administration as a party defendant.

IT IS FURTHER ORDERED that leave to amend the caption of the complaint to list the United States as a party defendant be and it is hereby GRANTED.