# IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT JACKSON

| | |
|---|---|
| SCHERING-PLOUGH HEALTHCARE PRODUCTS, INC., | ) |
| | ) |
| Petitioner/Appellant, | ) Shelby Chancery No. 106076-2 R.D. |
| | ) |
| VS. | ) Appeal No. 02A01-9703-CH-00058 |
| | ) |
| STATE BOARD OF EQUALIZATION, | ) |
| | ) |
| Respondent/Appellee. | ) |

FILED

January 23, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

### APPEAL FROM THE CHANCERY COURT OF SHELBY COUNTY
### AT MEMPHIS, TENNESSEE
### THE HONORABLE FLOYD PEETE, JR., CHANCELLOR

**FRED M. RIDOLPHI, JR.**
**HUMPHREYS DUNLAP WELLFORD ACUFF & STANTON, P.C.**
Memphis, Tennessee
Attorney for Appellant


**JOHN KNOX WALKUP**
**Attorney General and Reporter**

**GARY N. MEADE, JR.**
**Assistant Attorney General**
Nashville, Tennessee
Attorney for Appellee

**REVERSED AND REMANDED**

**ALAN E. HIGHERS, J.**

**CONCUR:**

**DAVID R. FARMER, J.**

**HOLLY KIRBY LILLARD, J.**

This action was filed by Plaintiff/Appellant, Schering-Plough Healthcare Products,

Inc., ("Schering-Plough"), in the Chancery Court of Shelby County to obtain judicial review

of a decision by Defendant, Tennessee State Board of Equalization ("Board"), upholding

a personal property tax assessment by the Shelby County tax assessor's office. The

chancellor granted the Board's motion to dismiss on the ground that the trial court did not

have subject matter jurisdiction due to Schering-Plough's failure to name Shelby County

as a defendant and to serve upon the County a summons and a copy of the petition. The

sole issue presented for review by this court is whether the chancellor erred in dismissing

Schering-Plough's suit for judicial review for lack of subject matter jurisdiction because of

Schering-Plough's failure to name Shelby County as a defendant and to serve Shelby

County with a copy of the petition under T.C.A. § 4-5-322(b).[1]  For reasons stated

hereinafter, we reverse the judgment of the trial court and remand.


## Facts and Procedural History

This petition involves the tax assessment of Construction in Progress ("CIP") owed

by Schering-Plough. Schering-Plough is the owner of certain tangible property located at

3022 Jackson Avenue in Memphis, Tennessee, identified as Parcel No. P-0086-11. In

1992, the Board concluded that CIP was taxable under the general assessment statutes.

Tax assessors for Shelby County were notified by the Board to value CIP at 100% of its

cost in place. In reporting for 1993, Schering-Plough acted in compliance with these state

reporting regulations.

> Thereafter, the Legislature enacted T.C.A. § 67-5-903(g)(1) which provides:
>
> Tangible personal property which the taxpayer treats as construction-in-process (hereinafter "CIP") for federal income tax purposes as of the assessment date may be reported in the taxpayer's schedule filed with the assessor at fifteen percent (15%) of its cost as reported for federal income tax purposes.

T.C.A. § 67-5-903(g)(2) provides that no back assessments relative to CIP may be made

prior to January 1, 1994, and that all tax collected from such assessments must be

refunded. Particularly, T.C.A. § 67-5-903(g)(2) provides:

> No back assessments of CIP, as the term is used in

---

[1]At oral argument in the matter, the Board conceded that a summons was not required to be served along with a copy of the petition for review, and, as a result, that issue is not before this court.

Subdivision (g)(1), shall occur prior to January 1, 1994. If back assessments have occurred involving CIP, those assessments shall be voided and all taxes paid shall be refunded to those taxpayers who have an action or claim pending before an assessing authority or court on the CIP issue.

Schering-Plough states that the term "back assessments" appears to exclude assets in the ordinary course of assessing CIP property made from reports filed by taxpayers such as Schering-Plough. Schering-Plough further states that the statute appears to permit back assessments to be made for any tax year after May 17, 1993. Schering-Plough contends that this statute must be construed to reduce the valuation basis of CIP to 15% of cost on both types of assessments made for or during the 1993 tax year.

The assessment at 100% of cost in place was appealed by Schering-Plough through the appeals process established by the Board. The assessments were upheld by the Board on a decision entered on May 25, 1995. Thereafter, on July 21, 1995, Schering-Plough sought judicial review in the Chancery Court of Shelby County, Tennessee pursuant to T.C.A. §§ 67-5-1511(a) and (b) and 4-5-322 by filing a petition for review. T.C.A. § 67-5-1511(a) and (b) provide:

> **Finality of board action--**(a) The action of the state board of equalization shall be final and conclusive as to all matters passed upon by the board, subject to judicial review, and taxes shall be collected upon the assessments determined and fixed by the board.
>
> (b) The judicial review provided in subsection (a) shall consist of a new hearing in the chancery court based upon the administrative record and any additional or supplemental evidence which either party wishes to adduce relevant to any issue. The petition for review may be filed in the chancery court of Davidson County or the county where the disputed assessment was made.

On September 25, 1995, the Board filed its motion to dismiss alleging that Schering-Plough was required by T.C.A. § 4-5-322(b) to name and serve process upon Shelby County. T.C.A. § 4-5-322(b) provides:

> (1) Proceedings for review are instituted by filing a petition for review in the chancery court of Davidson County, unless another court is specified by statute. Such petition shall by filed within sixty (60) days after the entry of the agency's final order thereon.

3

(2) In a case in which a petition for judicial review is submitted within the sixty-day period but is filed with an inappropriate court, the case shall be transferred to the appropriate court. The time for filing a petition for review in a court as provided in this chapter shall not be extended because of the period of time allotted for filing with the agency a petition for reconsideration. Copies of the petition shall be served upon the agency and all parties of record, including the attorney general and reporter, in accordance with the provisions of the Tennessee Rules of Civil Procedure pertaining to service of process.

Subsequently, on September 27 and 29 of that same year, Schering Plough filed motions to amend its petition for review to add Shelby County, the Shelby County tax assessor and the Shelby County Trustee to "cure" an alleged defect in the filing of the petition for review. Thereafter, Shelby County, its tax assessor and its trustee were all served with copies of the petition pursuant to T.C.A. § 4-5-322(b)(2).

On October 29, 1996, the Chancellor dismissed the petition by order on the grounds that Schering-Plough failed to name Shelby County as a defendant in the action, and to serve Shelby County with a summons and a copy of the petition for review thereby rendering the court without subject matter jurisdiction over the matter. This appeal followed.

## Discussion

Ordinarily, when we review a finding of fact by the trial court, we must conduct our review *de novo* upon the record accompanied by a presumption of correctness, and we may reverse only if the evidence preponderates against the findings of the trial court. T.R.A.P. 13(d). This same presumption, however, does not exist with regard to the trial court's legal determinations. *Prost v. City of Clarksville*, 668 S.W.2d 425, 427 (Tenn. 1985). In this case, the trial court dismissed Schering-Plough's petition for review because of Schering-Plough's failure to name Shelby County as a party in said petition and to serve Shelby County with a copy of said petition. No presumption of correctness attaches to the trial court's decision to dismiss Schering-Plough's petition for review because such decision is a legal determination, and as such does not warrant a presumption of correctness by this court. Thus, on appeal, this court must review the findings of the trial court *de novo* without

4

the accompanying presumption of correctness.

Unquestionably, the issue in this case requires this court to interpret the plain, ordinary language of T.C.A. § 4-5-322(b). We must rely on the well established rules of construction to determine this issue. As a general rule, the purpose of statutory construction is to ascertain and give effect to the intention and purpose of the legislature. *Carson Creek Vacation Resorts, Inc. v. Department of Revenue*, 865 S.W.2d 1, 2 (Tenn. 1993). Legislative intent is to be discerned primarily from the natural and ordinary meaning of the language used, without forced or subtle construction that would limit or extend the meaning of the language. Where the language contained within the fours corners of a statute is plain, clear, and unambiguous and the enactment is within legislative competency, the duty of the court is to obey it. In *Austin v. Memphis Publishing Co.*, 655 S.W.2d 146 (Tenn. 1983), our Supreme Court observed:

> In a recent American work on Statutory Law, it is said that the intention of the legislature is to be learned from the words it has used; . . . and if that intention is expressed in a manner devoid of contradiction and ambiguity, there is no room for interpretation or construction, and the judges are not at liberty, on consideration of policy or hardship, to depart from the words of the statute; that they have no right to make exceptions or insert qualifications, however abstract justice or the justice of the particular case may seem to require it.

*Id. at 148.*(citing *Heiskell v. Lowe*, 153 S.W. 284, 290 (Tenn. 1912)).

In the instant case, the trial court dismissed Schering-Plough's petition for review stating that "Schering-Plough was required by T.C.A. § 4-5-322(b) to name Shelby County as a defendant in this action, and to serve Shelby County with a summons and a copy of the Petition for Review, . . ." The trial court went on to state that the failure of Schering-Plough to name Shelby County as a defendant and to serve upon the County a summons and a copy of the petition rendered it without subject matter jurisdiction over the action. At oral argument in this matter, it was conceded to by the Board that Schering-Plough was not required to serve a summons upon Shelby County. The only remaining question was whether, under T.C.A. § 4-5-322(b), Schering-Plough was required to name Shelby County in its petition for review and serve it with said petition within 60 days from the entry of the

5

Board's final order thereon.

After a careful examination of T.C.A. § 4-5-322(b), we find two requirements placed upon a petitioner seeking judicial review of an administrative decision of an agency of this state. The first is jurisdictional: a petition for review must be filed within 60 days of the entry of the Board's decision as set forth in (b)(1); the second requirement is not jurisdictional: copies of the petition for review must be served upon the Board and all parties of record, including the attorney general and reporter. The Board contends that the trial court properly dismissed Schering-Plough's petition for review because the petition fails to name a party of record, Shelby County. This argument is based on the provisions of T.C.A. § 4-5-322(b)(2), which required Schering-Plough to serve a copy of the petition on "all parties of record." T.C.A. § 4-5-322(b)(2) (1997 Supp.). The Board interprets T.C.A. § 4-5-322(b)(2) as requiring Schering-Plough to name Shelby County in its petition for review and to serve Shelby County with a copy of the petition within the 60 day time limitation of (b)(1). The trial court agreed. We do not.

First, nowhere in the ordinary language of T.C.A. § 4-5-322(b) is it required that all parties of record be named in the petition for review. Along these lines, our Supreme Court in *JACO v. Department of Health, Bureau of Medicaid*, 950 S.W.2d 350, 352 (Tenn. 1997), stated that a petition for review is a continuing proceeding whereby the parties have been determined and are of "of record."[2] Therefore, parties to the administrative proceedings remain parties to the judicial review of those proceedings if the requirements of T.C.A. § 4-5-322(b) are met. The only requirement concerning "all parties of record" is found in the clear, unambiguous language of 4-5-322(b)(2) which simply mandates that copies of the petition for review be served upon the agency rendering the decision and the parties or record, including the attorney general and reporter. There is no requirement that "all

---

[2]We note that the *JACO* court stated that the ultimate decision in *HRA, Inc. v. Tenn. Dept. of Commerce and Ins.*, 914 S.W.2d 512 (Tenn. Ct. App. 1995), was correct. In *HRA, Inc.*, the Department of Commerce and Insurance upheld an "experience modification factor" determined by the National Council on Compensation Insurance ("NCCI"). *Id.* at 513-514. HRA, Inc. filed a petition for review but failed to name NCCI as a defendant in the matter. *Id.* The *HRA, Inc.* court held that HRA, Inc., in failing to name NCCI as a defendant in its petition for review, had failed to preserve its right of review against NCCI. *Id.* The *JACO* court's statement concerning their approval of the ultimate decision in *HRA, Inc.*, however, is dictum and, as such, is not binding on this court.

6

parties of record" be named as respondents in the petition. That all parties are not named is not fatal to the petition.[3]

Analogously, we note that a petition for review is nothing short of a continuation of the administrative proceedings similar to a notice of appeal filed with this court. T.R.A.P. 3(f) provides:

> Content of the Notice of Appeal. -- The notice of appeal shall specify the party or parties taking the appeal, shall designate the judgment from which relief is sought, and shall name the court to which the appeal is taken. An appeal shall not be dismissed for informality of form or title of the notice of appeal.

Undoubtedly, an appeal is a continuing proceeding, and, as seen in T.R.A.P. 3(f), failing to name a party in a caption is not a reason for dismissal of the action. Likewise, the instant case is a continuing proceeding whereby failing to name a party does not justify dismissal of the action.

Further, even if a petition for review were an original action, failure to name all parties in said petition would not prove fatal to Schering-Plough's action. Tenn. R. Civ. P. 10.01 provides:

> Every pleading shall contain a caption setting for the name of the court and county wherein the action is filed or is pending, the title of the action, the file number, and a designation as in Rule 7.01. In the complaint the title of the action shall include the names of all the parties, . . .

Although Rule 10.01 requires the caption of a complaint to name all parties, this is merely a technical requirement. *Goss*, 751 S.W.2d, at 824; *See Blanchard v. Terry & Wright, Inc.*, 331 F.2d 467, 469 (6th Cir. 1964), cert. denied, 379 U.S. 831, (1964). The caption requirement of Rule 10 is for identification purposes, and does not control who is a party in the action. *Goss*, at 824; *Greenwood v. Ross*, 778 F.2d 448, 452 (8th Cir. 1985); *Blanchard v. Terry & Wright, Inc.*, *supra*. at 469. The issue of who is a proper party defendant must be determined from the allegations of the complaint. *Goss*, at 824, 825; *Tyrolf v. Veterans Administration*, 82 F.R.D. 372, 374-375 (E.D.La. 1979).

---

[3]After examining the record before us, it is unclear whether or not Shelby County was a party to the administrative proceedings below.

In *Southwest Motor Freight, Inc. v. Department of Commerce and Insurance*, No. 01-A-01-9209-CH00371, 1993 WL 82423, *1 (Tenn. Ct. App. March 24, 1993), the court faced a situation similar to the one with which we are faced. In *Southwest*, an action arose from a dispute between Southwest Motor Freight, Inc. ("Southwest") and Liberty Mutual Insurance Company ("Liberty") concerning insurance premiums. *Southwest Motor Freight, Inc. v. Department of Commerce and Insurance*, No. 01-A-01-9209-CH00371, 1993 WL 82423, at * 1. Administrative proceedings conducted by the Tennessee Department of Commerce and Insurance resulted in an order by the commissioner. Concluding that the order improperly calculated the premiums, Southwest filed a petition for review in the Chancery Court for Davidson County. The caption of the petition named the commissioner as the only respondent. Although not listed as a party to the suit, Liberty was served with a copy of the petition. The state of Tennessee filed a motion to dismiss for failure to join an indispensable party, failure to state a claim upon which relief could be granted, and lack of subject matter jurisdiction. The chancellor dismissed the case for failure to join an indispensable party--namely Liberty. This Court overturned the dismissal. Citing *Goss v. Hutchins*, 751 S.W.2d 821 (Tenn. 1988), the *Southwest* court stated that the parties to a lawsuit are not necessarily determined by the caption on the petition for review. The *Southwest* court went on to state that two other factors must be considered in determining whether a party not listed in the caption is a party to the suit: (1) whether the unnamed party knew the plaintiff's action was intended as a suit against it; and (2) whether the unnamed party was prejudiced by the omission of its name in the caption. (citing *Goss v. Hutchins*, 751 S.W.2d at 825.) The *Southwest* court concluded that Liberty knew it was an intended party when reviewing their participation in the administrative proceedings and that Liberty was not prejudiced in any way by the omission of its name in the caption of the petition for review.

Like *Southwest*, Shelby County was not named as a respondent on Schering-Plough's petition for review but was served with a copy of the petition for review. Unlike *Southwest*, the record does not make clear whether Shelby County was a party to the administrative proceedings thus providing Shelby County with the requisite knowledge of

8

Schering-Plough's intent to make Shelby County a party. In any event, nowhere in T.C.A. § 4-5-322(b) do we find that all parties must be named in the petition for review. The only requirement is that the petition for review be filed within the 60 day time limit. Schering-Plough filed their petition for review within this 60 day time limit and, thus, satisfied this particular requirement of T.C.A. § 4-5-322(b).

Secondly, and in addition to asserting that all parties of record must be named in the petition for review, the Board further contends that all parties of record must be served within the 60 day time limitation of T.C.A. § 4-5-322(b)(1). We cannot agree with this assertion. The Board would have this court believe that the 60 day limit of (b)(1) attaches itself to (b)(2) thereby requiring that all service be had within this 60 day period. This is a strained reading of T.C.A. § 4-5-322(b) and converse to the plain, ordinary language of the statutue. According to the plain import of T.C.A. § 4-5-322 (b)(2), proper service requires only that copies of the petition for review be served upon the agency rendering the decision and all parties of record, including the attorney general and reporter in compliance with the Tennessee Rules of Civil Procedure pertaining to service of process. In the instant case, it is undisputed that service was had upon the Board, Shelby County, the Shelby County tax assessor, the Shelby County trustee and the attorney general and reporter in compliance with the Tennessee Rules of Civil Procedure. As mentioned above, the record is unclear as to whether Shelby County was a "party of record" to the administrative proceedings below. Nonetheless, Schering-Plough served copies of the petition for review upon the Shelby County attorney's office, the Shelby County tax assessor and the Shelby County trustee in satisfaction of the requirements of T.C.A. § 4-5-322(b)(2).

To summarize, T.C.A. § 4-5-322(b) sets forth two requirements when seeking judicial review of an administrative decision: (1) the filing of a petition for review within 60 days after the entry of the agency's final order; and (2) the serving of copies of the petition for review upon the agency rendering the final administrative order and upon all parties of record, including the attorney general and reporter. In the case before us, it is undisputed that Schering-Plough filed its petition for review within the 60 day period as set out in

9

T.C.A. § 4-5-322(b)(1). It is also undisputed that Schering-Plough caused a copy of the petition for review to be served upon the Board, Shelby County, the Shelby County tax assessor, the Shelby County trustee and the attorney general and reporter in accordance with the Tennessee Rules of Civil Procedure. At oral argument in this matter, it was conceded that the Shelby County tax assessor's office was a party of record to the entire administrative proceedings. As such, according to *JACO*, the assessor's office continued to be a party in the judicial review when Schering-Plough complied with the requirements of T.C.A. § 4-5-322(b) by filing their petition for review within the 60 day time period and serving the assessor's office, the Board and the attorney general and reporter with copies of said petition. As mentioned *supra*, the record before us, however, is unclear concerning whether or not Shelby County was a party to the administrative proceedings below. In any event, Schering-Plough served the Shelby County attorney's office, the Shelby County tax assessor and the Shelby County trustee with copies of the petition, thus satisfying the requirements of T.C.A. § 4-5-322(b)(2).

In light of the foregoing, the judgment of the trial court is reversed and this matter is remanded for further necessary proceedings. Costs of this appeal are taxed to the State Board of Equalization, for which execution may issue if necessary.

 

                                                                  _____

                                                                  HIGHERS, J.

CONCUR:

_____
FARMER, J.

LILLARD,J.