IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 31, 2002

**ELIJAH HANSEN, BY NEXT FRIENDS AND PARENTS, ALBERT JOSEPH HANSEN AND CHEJA HANSEN v. STEVEN W. BULTMAN, ET AL.**

**Appeal from the Circuit Court for Knox County**
**No. 1-661-98     Dale C. Workman, Judge**

**FILED DECEMBER 13, 2002**

**No. E2001-02664-COA-R3-CV**

In this jury case, the trial court remitted to $200,000 the jury's award of $350,000 to Albert Joseph Hansen ("Father"). The trial court's action was based upon its determination that Father had only sued for $200,000. Father appeals, contending that the trial court erred in remitting the jury's award. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and D. MICHAEL SWINEY, J., joined.

David C. Lee, Knoxville, Tennessee, for the appellant, Albert Joseph Hansen, individually, and as parent of Elijah Hansen, a minor.

Paul E. Dunn and Steve Erderly, IV, Knoxville, Tennessee, for the appellee, Margaret Cranford.

Brian H. Trammell, Knoxville, Tennessee, for the appellee, Max Goins.

**OPINION**

I.

This case arises out of injuries to a minor. The original complaint alleges that "Elijah Hansen [(DOB: May 24, 1997) ("the minor")] was playing outside...when the defendant Steve Bultman backed over him with Defendant Bultman's...Volvo." The caption of the original complaint reflects the parties as follows:

ELIJAH HANSEN, by next friend and father, ALBERT JOSEPH
HANSEN
        Plaintiffs

                  vs.

STEVEN W. BULTMAN, and MARGARET CRAWFORD [*sic*][1]
        Defendants

As can be seen, the caption of the complaint does not indicate that Father is suing in his individual capacity. However, in the body of the complaint, paragraph 6 sets forth the following:

Plaintiff Albert Hansen is the father of Elijah Hansen and *sues* for the hospital bills incurred by his son, a minor.

(Emphasis added). The complaint contains two "WHEREFORE" paragraphs seeking different damage awards:

WHEREFORE, plaintiffs ask judgment against defendants in the amount of six million dollars ($6,000,000.00), and costs, and demands [*sic*] a jury to try this cause, and for all such other and further relief as law and justice may require.

WHEREFORE, plaintiffs ask for punitive damages against Steven Bultman for gross negligence in the amount of five hundred thousand dollars ($500,000.00) and costs and asks for a jury to try these issues, and for all such other and further relief as law and justice may require.

The briefs of both sides state that amended complaints were subsequently filed, including a third amended complaint. The only amended complaint contained in the record is the third amended complaint upon which this matter was submitted to the jury. In the third amended complaint, the parties are styled as follows:

---

[1] The original complaint alleges that Ms. *Cranford* negligently failed to supervise the minor while he was in her care.

-2-

ELIJAH HANSEN, by next friends and parents, ALBERT JOSEPH HANSEN and CHEJA HANSEN[2]
        Plaintiffs

                  vs.

STEVEN W. BULTMAN, and MARGARET CRANFORD and MAX GOINS[3]
        Defendants

The third amended complaint also contains a paragraph 6 focusing on Father:

> Plaintiff Albert Hansen is the father of Elijah Hansen and sues for the hospital bills incurred by his son, a minor.

As can be seen, this language is identical to that contained in paragraph 6 of the original complaint. The third amended complaint also contains two "WHEREFORE" paragraphs; but absent from that last complaint is the "WHEREFORE" paragraph in the original complaint seeking punitive damages. In its place is a new "WHEREFORE" paragraph asserting a derivative claim. The "WHEREFORE" paragraphs in the third amended complaint are as follows:

> WHEREFORE, plaintiffs Albert and Elijah Hansen ask for loss of consortium damages including, but not limited to the time they took off from work and the time so needed in the future to care for the injuries herein alleged in the amount of two hundred thousand dollars ($200,000.00) and costs and asks [*sic*] for a jury to try these issues, and for all such other and further relief as law and justice may require.

> WHEREFORE, plaintiffs ask judgment against defendants in the amount of six million dollars ($6,000,000.00), and costs, and demands [*sic*] a jury to try this cause, and for all such other and further relief as law and justice may require.

The jury returned a verdict, awarding "$600,000.00 for [the minor] and $350,000.00 for [Father]...." The judgment on the jury's verdict recites that "[t]he total *ad damnum* in the Complaint

---

[2]Cheja Hansen is not addressed in the briefs.

[3]The third amended complaint additionally alleges that Mr. Goins was also guilty of negligent supervision.

-3-

for plaintiff [Father] was $200,000.00, and the court, by operation of law, remits the recovery of [Father] herein to $200,000.00." It is from this remittitur that the plaintiffs appeal.[4]

## II.

It is well-established that "[i]n personal injury cases, [the] calculation of damages is within the province of the jury." *Grandstaff v. Hawks*, 36 S.W.3d 482, 499 (Tenn. Ct. App. 2000). In this respect, the calculation of damages is a function of the jury's fact-finding authority. However, in the instant action, the trial court did not reduce the jury's award based on factual grounds. Rather, the court below remitted the award based upon its determination that the award exceeded the third amended complaint's *ad damnum* with respect to Father. We must determine whether the trial court properly construed the pleadings – a question of law. We review questions of law *de novo*, according no presumption of correctness to the conclusions reached below. *See*, *e.g.*, *Johnson v. LeBonheur Children's Med. Ctr*, 74 S.W.3d 338, 342 (Tenn. 2002).

"Under Tennessee law, a trial court may not enter a judgment in excess of the amount sought in the plaintiff's complaint." *McCracken v. City of Millington*, No. 02A01-9707-CV-00165, 1999 Tenn. App. LEXIS 185, at *26 (Tenn. Ct. App. W.S., filed March 17, 1999) *citing Gaylor v. Miller*, 166 Tenn. 45, 50, 59 S.W.2d 502, 504 (1933). The trial court obviously held that Father's claim for damages in the third amended complaint is set forth in the first "WHEREFORE" paragraph in that complaint, which seeks only $200,000. Therefore, according to the trial court, the $350,000 jury award to Father exceeded the *ad damnum* contained in that paragraph. Accordingly, the trial court remitted the verdict with respect to Father's award.

In general terms, pleadings are to be liberally construed in favor of the pleader. *See* Tenn. R. Civ. P. 8.06; *Lamons v. Chamberlain*, 909 S.W.2d 795, 800 (Tenn. Ct. App. 1993). Also, Tenn. R. Civ. P. 10.01 requires that the caption of pleadings identify the parties. However, our Supreme Court and at least one federal court (interpreting the substantially similar Fed. R. Civ. P. 10(a)) have held that an imprecise caption is not fatal to a complaint. *See Goss v. Hutchins*, 751 S.W.2d 821, 824 (Tenn. 1988), *citing Tyrolf v. Veterans Admin.*, 82 F.R.D. 372, 374-75 (E.D. La. 1979). "The caption requirement of Rule 10 is merely for identification purposes, and does not control who is a party in the action." *Goss*, 751 S.W.2d at 824. Courts may go beyond the caption to determine the parties. *Tyrolf*, 82 F.R.D. at 374-75 (refusing to dismiss a lawsuit for failure to comply with the statute of limitations when the body of the complaint identified the defendant and that defendant was timely served).

Despite the fact that the caption does not specifically mention Father as a plaintiff individually, paragraph 6 called him a plaintiff and alludes to his claim for his son's hospital bills. In addition, in the first "WHEREFORE," Father demands relief in his own name.

---

[4]The plaintiffs accepted the remittitur under protest pursuant to Tenn. Code Ann. § 20-10-102(2) (1994).

-4-

We believe the trial court afforded the plaintiffs a very liberal construction of the third amended complaint. The court below properly looked beyond the caption to determine the actual parties in interest, and it charged the jury to consider Father's claims. However, even utilizing a liberal construction of the third amended complaint, the trial court determined that the first "WHEREFORE" paragraph regarding loss of consortium was intended as Father's *ad damnum*. Therefore, the *ad damnum* on Father's award could not extend into the $6,000,000 demanded in the second "WHEREFORE" paragraph. We agree with the trial court's rationale.

On appeal, the plaintiffs argue that a proper construction of the third amended complaint reveals that "[p]laintiff Albert Hansen sued for part of $6,000,000, plus part of $200,000." Under this theory, Father and the minor each sued for a share of the $200,000 loss of consortium and lost income claims, while each party also sued for a portion of the $6,000,000.

We do not accept the plaintiffs' interpretation of the third amended complaint. The minor's claim was for his personal injuries arising out of the defendants' negligence. It seems clear to us that the *ad damnum* in the third amended complaint involves the minor seeking $6,000,000 for his personal injuries and Father seeking $200,000 for his derivative claims. Paragraph 6 states Father's cause of action as being for his son's hospital bills. Our very liberal reading of the first "WHEREFORE" paragraph, when viewed in conjunction with paragraph 6, leads to the conclusion that the term consortium damages encompasses all damages sought by Father, including his lost wages, his son's hospital bills, and any other claims associated with Father's care of his injured child. As liberally construed by us, the first "WHEREFORE" paragraph only addresses losses of the type suffered by Father.[5] As such, we find that the first "WHEREFORE" paragraph in the third amended pleading encapsulates the *ad damnum* of Father's derivative claim.

Giving the third amended complaint a liberal construction, we hold, nevertheless, that the first "WHEREFORE" paragraph in the third amended complaint constitutes the *ad damnum* of Father's claims and that the second "WHEREFORE" paragraph states the minor's *ad damnum*. Therefore, we hold that Father's *ad damnum* was $200,000, and the trial court properly remitted the jury's award.

III.

The judgment of the trial court is affirmed. This matter is remanded to the trial court for enforcement of the trial court's judgment and for the collection of costs assessed below, all pursuant to applicable law. The costs on appeal are taxed to Albert Joseph Hansen.

_____
CHARLES D. SUSANO, JR., JUDGE

---

[5]Obviously, the minor did not suffer any injury from lost work.