**HRA, INC., Plaintiff/Appellant,**

v.

**TENNESSEE DEPARTMENT OF COMMERCE AND INSURANCE, Defendant/Appellee.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

Aug. 4, 1995.

Application for Permission to Appeal Denied by Supreme Court Nov. 27, 1995.

Kenneth E. Douthat, King & Ballow, Nashville, for appellant.

Michael E. Moore, Solicitor General, Janet M. Kleinfelter, Assistant Attorney General, Charles W. Burson, Attorney General and Reporter, Financial Division, Nashville, for appellee.

### *OPINION*

TODD, Presiding Judge, Middle Section.

This appeal involves judicial review of an administrative decision regarding the proper premium charges to be paid by HRA, Inc. for its workers compensation insurance. The Trial Court determined that it was without jurisdiction because an interested party was not made a party to the petition for review. HRA has appealed and presented two issues as follows:

1. WHETHER THE COURT BELOW ERRED IN DISMISSING THE PETITION FOR JUDICIAL REVIEW FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO JOIN AN INDISPENSABLE PARTY WHEN THE "INDISPENSABLE PARTY" HAD BEEN MADE A PARTY BY AN AMENDMENT AS OF RIGHT.

2. WHETHER THE COURT ERRED BY REFUSING TO CONSIDER THE AMENDMENT TO THE COMPLAINT.

The petition for review filed on June 2, 1994, states the following background:

HRA, Inc. was incorporated on November 15, 1991 and is engaged in the temporary personnel business, but is not an "employee leasing firm."

On November 20, 1991, HRA purchased from the Internal Revenue Service at public sale the accounts receivable of IBM Enterprises, Inc., which was owned by Irwin Much.

HRA occupied some office space formerly occupied by IBM Enterprises, Inc., and released office equipment previously leased by the same corporation.

HRA hired some employees of IBM Enterprises, Inc., including Irwin Much, but he was terminated March 23, 1992.

Much has never had any interest in or served as director of HRA.

HRA has employee policies different from those of IBM Enterprises, Inc.

On December 11, 1991, HRA applied to National Council on Compensation Insurance (NCCI) for assigned risk workers compensation insurance. NCCI assigned to HRA an "experience modification factor" of 1.60 based upon a determination that the circumstances constituted a change in ownership of a continuing business justifying a continuance of the factor assigned to IBM Enterprises, Inc.

HRA appealed the decision of NCCI to the "Tennessee Appeals Board" which affirmed the action of NCCI.

HRA appealed to the Department of Commerce and Insurance, where the decision of NCCI was affirmed on April 25, 1994.

On June 13, 1994, HRA filed in the Trial Court a motion for stay in which it was alleged that Liberty Mutual Insurance Company had billed HRA for insurance premiums based upon the 1.60 factor assigned by NCCI

and affirmed by the state agency, and a stay was issued on bond preventing Liberty Mutual Ins. Co. from cancelling the insurance of HRA.

On July 15, 1994, the Department moved to dismiss the petition for review for failure to timely comply with T.C.A. § 4–5–322(b) which requires that petitions for review must be filed within 60 days after the order to be reviewed, and "shall be served upon the agency and all parties of record ... in accordance with provisions of the Tennessee Rules of Civil Procedure pertaining to service of process."

TRCP Rule 3, as amended July 1, 1992, provides that:

All civil actions are commenced by filing a complaint *and summons* with the clerk of the court. An action is commenced within the meaning of any statute upon the filing of such complaint *and summons.* ... (Emphasis supplied.)

The petition for review names only one party-defendant (respondent), Tennessee Department of Commerce and Insurance. It bears a certificate that a copy of the petition has been served upon an administrative judge of the Tennessee Department of State, assistant chief counsel of the Department of Commerce and Insurance and "Bennett Ross, Esq., Bass, Berry and Sims."

It appears that Bennett Ross appeared as counsel for NCCI before the administrative hearing officer and before the Commissioner and that he was served with copies of the findings of the Administrative Judge and the Commissioner.

Although it appears that Liberty Mutual Insurance Company was directly and financially interested in this controversy, there is no indication of its participation in the administrative proceeding, except through the industry association, NCCI, and its counsel.

Clearly, under the quoted statute and rule, the petitioner, HRA was required to *file* a complaint (petition for review) *and summons* for service upon all interested parties, including NCCI. A complaint (petition) was filed naming only the department and was served upon all parties who participated in the administrative proceeding. However there is

no evidence that *process* was filed against any party. A responsive pleading has been filed by the named respondent (the Department) which may amount to a waiver of process, but there is no indication that any response has been filed by NCCI.

On August 8, 1994, HRA filed a "First Amended Petition for Judicial Review" which stated in part:

3. The National Council on Compensation Insurance ("NCCI") is a rating organization designated by the State of Tennessee to administer the assigned risk pool for workers compensation.

\* \* \* \* \* \*

21. The original Petition for Review in this matter was filed on June 2, 1994, and a summons issued and served on TDCI shortly thereafter. Although the Petition did not name NCCI as a respondent in the caption, and no summons was issued to NCCI, a copy of the Petition was served on NCCI's counsel, Bennett Ross, as indicated on the Certificate of Service, which provided NCCI with actual notice of these proceedings. In addition, Petitioner has served copies of its other filings on Mr. Ross in the same manner, and notified him by letter and by telephone of the hearing on its Motion for Stay. *See* Exhibit 1. Accordingly, NCCI will not be prejudiced in maintaining its defense on the merits of this matter by its inclusion in this Amended Petition. In addition, NCCI knew or should have known that but for the inadvertent and excusable neglect of Petitioner's counsel to name it as a respondent, the action would have included it as a respondent.

On August 15, 1994, HRA filed "Petitioner's Response to Motion to Dismiss ... or, In the Alternative, Motion for Enlargement of Time." In said pleading HRA asserted that its tardy inclusion (over 60 days) of NCCI in the judicial proceeding should relate back to the time of filing the original petition for review, or that the Trial Court should extend the statutory time of 60 days for filing petitions for review.

On August 25, 1994, the Trial Court held that it had no jurisdiction and dismissed the petition.

In its "Statement of the Case" HRA states:

Since no responsive pleading had been served, HRA, pursuant to Rule 15, Tenn. R.Civ.P., as a matter of right amended the pleadings naming NCCI as a Defendant and had a summons issued to NCCI. On August 9, 1994, this summons was served on the TDCI as agent for NCCI.

Although *service of process* is not the issue in this appeal, it should be noted that no law or evidence is cited or found that TDCI (the Department) was the agent for NCCI, for service of process.

■ The two issues before this Court are (1) Whether appellant's petition for review was properly and timely presented to the Trial Court; and, if not, (2) whether the failure to do so can be excused and corrected by the Trial Court by granting an extension of the 60 day period stated in T.C.A. § 4–5–322(b).

The first question was considered in detail in an unpublished opinion of this Court filed on December 27, 1991, in the case of *Metropolitan Government of Nashville and Davidson County v. Tennessee State Board of Equalization*, 1991 WL 274516. The subject of the litigation was the tax assessment upon the property of Nashville Memorial Hospital which had been an interested participant in the proceedings before the Board of Equalization. The petition for review named only the Board as respondent, and the summons issued only to the Board. However, a copy of the petition was "forwarded" to counsel for the Hospital. The hospital moved to dismiss for failure to timely issue process against it as required by T.C.A. § 4–5–322(b) and the rule of civil procedure mentioned therein. At that time the rule did not require the filing of a complaint *and process* for initiation of suit. This court said:

Unquestionably, to the extent that Metro may be entitled to relief against the Board, only, the petition for review is properly before the Trial Court for the granting of such relief. However, the peti-

tion does not pray for such relief. The only relief requested relates to the rights of Memorial. Under these circumstances, the dismissal of the petition against the Board without request from the Board appears to be justified. If Metro conceives of any relief which it might obtain independent of the rights and interests of Memorial, this Court will consider a timely petition to rehear and preserve the rights of Metro against the Board only.

The failure to follow the mandate of the statute in respect to Memorial has wholly defeated the effort of Metro to obtain revision of the decision of the Board in respect to the exemption of Memorial from taxation.

\* \* \* \* \* \*

Metro seeks to equate a petition for review with a notice of appeal from a trial court to this court. The analogy is not valid. The trial and appellate courts are integral parts of the judicial structure and process. The administrative agencies are a part of the executive department of state government, and not a part of the judicial department. Judicial review of an administrative decision is not a part of the judicial process of appeal, but a statutory original proceeding initiated in the courts in the same manner as the origination of an ordinary lawsuit.

\* \* \* \* \* \*

Metro insists that it has a right to amend under T.R.C.P. 15.03. However, this case does not involve a "misnomer or similar mistake". This case involves the failure to consult the applicable statute and to follow its mandates for procuring the relief provided by the statute.

The issue in this appeal appears to be a question of first impression in this State. Other jurisdictions have decided it adversely to the position of Metro.

In *Tarnopol v. Connecticut Siting Counsel [Council]*, 212 Conn. 157, 561 A2d 931 (1989), the unsuccessful parties petitioned for review of an order of the administrative agency. The statute required that the petition be "served" upon all parties of record. Copies of the petition were mailed to

but not served upon the interested parties. The Connecticut Supreme Court held that the failure to comply with the statute deprived the Trial Court of jurisdiction and affirmed dismissal.

In *Cissell v. Colorado State Board of Assessment Appeals,* Colo.App.1977, [38 Colo.App. 560] 564 P2d 124, taxpayers sought judicial review of a decision of the State Board, but failed to join the local board of equalization under a statute requiring "every party" to be joined. The dismissal by the Trial Court was sustained by the appellate court.

In *City and County of Denver v. District Court,* Colo.1975, [189 Colo. 342] 540 P2d [1088] 1089, property owners sought judicial review of a special assessment without naming and serving the city council which was a necessary party. The Supreme Court of Colorado permanently enjoined the trial court from proceeding, even after untimely amendment to include the council.

In *Hennigh v. Board of County Commissioners,* Colo.1969, [168 Colo. 128] 450 P2d [73] 927, a zoning board granted a variance and the objecting parties sought judicial review without joining the party to whom the variance was granted. The Supreme court held that no decree could be rendered without the joinder of the interested party.

The only differences between the cited case and the present case are (1) since the cited opinion, TRCP Rule 3 has been amended to require the filing of the complaint *and process* for the beginning of an action; and (2) in the cited case, the motion to dismiss was filed by the omitted interested party and, in the present case the motion was filed by the administrative agency.

The amendment of the rule simply confirmed and reinforced the ruling of this Court in *Metropolitan Government v. State Board.* The identity of the initiator of the motion is deemed irrelevant, for the action of the Trial Court would have been appropriate sua sponte as to a party which was not subjected to the jurisdiction of the Court as required by TRCP.

Another unreported opinion of this Court, *Southwest Motor Freight, Inc. v. Department of Commerce and Insurance, State of Tennessee,* March 24, 1993, 1993 WL 82423, reached a different conclusion, but upon different circumstances. The omitted party had voluntarily appeared and participated in the judicial proceedings, thereby waiving process.

■ Appellant urges this Court to allow the correction of its error by an extension of the 60 day limitations for petition for review. The 60 day limit is not procedural but jurisdictional. The Courts have no more authority to extend the 60 day time for petitions for review than they would have to extend the 30 day time for notice of appeal.

Consistent with its cited previous opinion, this Court holds that appellant has failed to preserve its right of review as to the omitted party. On the assumption that no viable issue remains without the presence of the interested party, the judgment of the Trial Court is affirmed.

Costs of appeal are taxed against the appellant. The cause is remanded to the Trial Court for any necessary further proceedings.

Affirmed and Remanded.

LEWIS and CANTRELL, JJ., concur.