August 25, 1997

FOR PUBLICATION

FILED

August 25, 1997

Cecil W. Crowson
Appellate Court Clerk

IN THE SUPREME COURT OF TENNESSEE

AT NASHVILLE

JOHN JACO,                          (

        Petitioner-Appellee,        (

                                    (  Davidson Chancery

                                    (

v.                                  (  Hon. Robert S. Brandt,
                                    (  Chancellor
                                    (
                                    (  S. Ct. No. 01S01-9609-CH-00171
DEPARTMENT OF HEALTH, BUREAU        (
OF MEDICAID,                        (
                                    (
        Respondent-Appellant.       (

For Petitioner-Appellee:                 For Respondent-Appellant:

Thomas F. Bloom                          John Knox Walkup
Nashville                                Attorney General and Reporter
                                         Nashville

                                         Michael E. Moore
                                         Solicitor General

                                         Michelle K. Hohnke
                                         Nashville

**O P I N I O N**

JUDGMENT OF COURT OF APPEALS
AFFIRMED.                                            REID, J.

        This case presents for review the decision of the Court of

Appeals reversing the trial court's dismissal of a petition for judicial review of an administrative decision. The judgment of the Court of Appeals is affirmed.

On January 18, 1995, the petitioner, John Jaco, filed a petition for judicial review of a final administrative decision by the Department of Health, Bureau of Medicaid (the Department), denying the petitioner's application for medicaid benefits. The petition was filed 58 days after the date on which the administrative decision became final. Copies of the petition were mailed to and received by the Department and by the Attorney General. On March 24, 1995, counsel for the petitioner caused a summons to be issued and served on the Department and the Attorney General.

Upon motion by the Department, the court dismissed the petition on the ground that petitioner's failure to have a summons issued within 60 days of the effective date of the administrative decision deprived the court of jurisdiction to consider the petition.

The Court of Appeals reversed. That court held that proceedings in the chancery court for review of an administrative decision may be initiated without the issuance of a summons.

The Uniform Administrative Procedures Act provides that a person who is aggrieved by a final decision in a contested case is entitled to judicial review of the case. Tenn. Code Ann. § 4-5-322(a)(1) (Supp. 1996). The petition filed in the chancery court shows there was a contested case between the petitioner and the

Department, and the petition alleges that the petitioner is aggrieved by the decision of the administrative law judge which was affirmed by the Department. See Tenn. Code Ann. § 4-5-314; 4-5-315 (1991). The petitioner, therefore, asserts a right to judicial review.

The statutory provisions for obtaining judicial review pertinent to the issues presented in this case state:

> (1) Proceedings for review are instituted by filing a petition for review in the chancery court of Davidson County, unless another court is specified by statute. Such petition shall be filed within sixty (60) days after the entry of the agency's final order thereon. . . .
>
> (2) In a case in which a petition for judicial review is submitted within the sixty-day period but is filed with an inappropriate court, the case shall be transferred to the appropriate court. . . . Copies of the petition shall be served upon the agency and all parties of record, including the attorney general and reporter, in accordance with the provisions of the Tennessee Rules of Civil Procedure pertaining to service of process.

Tenn. Code Ann. § 4-5-322(b).

The Department insists that the filing of both the petition for review and a summons within 60 days are required to initiate a proceeding for judicial review. It asserts that failure to cause a summons to issue within 60 days of the date of the administrative decision is fatal to the right of review, even though the petition was filed and copies thereof were served on the Department and the Attorney General within the 60 day period. The Department relies upon that portion of subsection (b)(2) which

-3-

provides that "[c]opies of the petition shall be served upon the agency and all parties of record, including the attorney general and reporter, in accordance with the provisions of the Tennessee Rules of Civil Procedure pertaining to service of process."  The Department contends that this reference to the rules requires that all the formalities necessary to commence an original action, including the issuance of a summons, must be followed in initiating a petition for judicial review.

The petitioner contends that the statute only requires that the petition be filed within 60 days and that it be served in accordance with the rules of civil procedure.

This Court must rely on the well established rules of construction to determine this issue.  "The most basic rule of statutory construction is to ascertain and give effect to the intention and purpose of the legislature."  Carson Creek Vacation Resorts, Inc. v. State, 865 S.W.2d 1, 2 (Tenn. 1993).

> When the words of a statute are plain and unambiguous, the assumption is "that the legislature intended what it wrote and meant what it said."  The pertinent language must be [applied] "without any forced or subtle construction extending its import."

McClain v. Henry I. Siegel Co., 834 S.W.2d 295, 296 (Tenn. 1992) (quoting Worrall v. Kroger Co., 545 S.W.2d 736, 738 (Tenn. 1977)).

The statute by its terms does not require that a summons

be filed in order to obtain judicial review.  Subsection (b)(1) states that "[p]roceedings for review are instituted by filing a petition for review."  The statute then states that "[s]uch petition" shall be filed within 60 days after the entry of the final decision in the case to be reviewed.  This subsection does not refer directly or by reference to a summons.

The next subsection, (b)(2), sets forth the procedure to be followed if the petition is filed in an inappropriate court.  Again, it refers only to "a petition for judicial review" and provides that the case be transferred to the appropriate court.  The Rules of Civil Procedure are mentioned in the statute only in reference to service of copies of the petition.  Again, only the petition is mentioned:  "Copies of the petition shall be served upon the agency and all parties of record, including the attorney general and reporter, in accordance with the provisions of the Tennessee Rules of Civil Procedure pertaining to service of process."  The applicability of the rules to the statutory procedure is limited to the rules "pertaining to service of process."  Significantly, the statute does not refer to the rules pertaining to the commencement of an action, but only to the rules pertaining to the service of process.  In addition, the reference in the statute to "all parties of record" indicates a continuing proceeding in which the parties have been determined and are <u>of record</u>.  The service of a summons on "a party of record" would serve no useful purpose not accomplished by the service of a copy of the petition.

The Department insists that Rule 4.04 requires the filing

-5-

and issuing of a summons in every case of judicial review.  Rule 4.04 provides:

> The plaintiff shall furnish the person making
> the service with such copies of the summons and
> complaint as are necessary.  Service shall be
> made as follows:
>
> . . .
>
> (8) Upon the state of Tennessee or any
> agency thereof, by delivering a copy of the
> summons and of the complaint to the attorney
> general of the state or to any assistant
> attorney general.

Tenn. R. Civ. P. 4.04.

This rule obviously sets forth the procedure to be followed in commencing an action against a state agency.  However, it does not follow that the applicable provisions of Rule 4 regarding service of process cannot be utilized by reference in the Administrative Procedures Act without incorporating into that statutory procedure the inapplicable provisions.  The "process" served in an original civil action to which Rule 4 applies are the complaint and summons, Tenn. R. Civ. P. 3, while the "process" in a proceeding for review of an administrative decision is a petition for review.  The process is not the same, but since the method and means of service set forth in the rules have been adopted by the statute, the method and means of service are the same.

The Department relies upon HRA, Inc. v. Tenn. Dept. of Commerce and Ins., 914 S.W.2d 512, 513-14 (Tenn. Ct. App. 1995),

-6-

which is the only reported decision in which the issue before the Court has been discussed.  In that case, the final administrative decision was made by the Tennessee Department of Commerce and Insurance.  The issue in the contested case was the "experience modification factor" applicable to HRA for determining the premium for "assigned risk workers' compensation insurance."  That factor was determined by the National Council on Compensation Insurance (NCCI) subject to final approval by the Department of Commerce and Insurance.  HRA filed a petition for judicial review of the administrative decision.  The petition named only the Department of Commerce and Insurance as a defendant.  A copy of the petition was served on the Department, and a copy was delivered to the attorney who had represented NCCI in the administrative proceedings.

        The Court of Appeals held that the petitioner had failed to preserve its right of review against NCCI, the only party against which the petitioner stated a "viable issue."  Id. at 516.  Although not essential to its decision, the Court of Appeals stated: "Clearly, under the quoted statute and rule [3], the petitioner, HRA, was required to file a complaint (petition for review) and summons for service upon all interested parties, including NCCI."  Id. at 514 (emphasis in original).  The decision in HRA, Inc. that the petitioner failed to preserve its right of review in its dispute with NCCI is clearly correct.  However, for the reasons discussed above, it appears that the language of the statute does not permit an interpretation which conditions the right to judicial review upon the issuance of a summons when the party against which relief is sought was a party to the administrative proceedings and is served with a

copy of the petition.[1]

The filing and issuance of a summons are not required in all original actions.  The commission comments to Rule 3 state:

> There are some statutory causes of action where commencement occurs without a summons, in which instances Rule 3 would not apply.  See Tennessee State Board of Education v. Cobb, 557 S.W.2d 276 (Tenn. 1977), holding that teacher tenure cases dispense with a summons in favor of serving board of education members by registered mail with copies of a chancery court petition, as authorized by T.C.A. § 49-5-513.  A sampling of other statutes follows:
>
> T.C.A. § 36-3-601 et seq., order of protection
>
> T.C.A. § 36-4-103, irreconcilable differences divorce
>
> T.C.A. § 50-6-206, workers' compensation settlement
>
> T.C.A. § 34-3-113, minors' settlement
>
> T.C.A.  § 29-16-105, eminent domain
>
> T.C.A.  § 36-1-112, adoption with consent
>
> T.C.A.  § 29-8-102, name change
>
> T.C.A.  § 40-29-103, restoration of citizenship rights for felons convicted before July 1, 1986.

Rule 3, Advisory Commission Comments [1993].

The legislature obviously concluded that the issuance of a

---

[1]The rationale on which this decision is based would not apply where a person or agency that was not a party to the administrative proceedings is made a party to the proceedings for judicial review.

summons would not be necessary in every application for judicial review of an administrative decision.

The decision of the Court of Appeals reversing the dismissal of the petition is affirmed, and the case is remanded to the trial court for further proceedings.

Costs are taxed against the Department of Health, Bureau of Medicaid.

_____
Reid, J.

Concur:

Anderson, C.J., Drowota, Birch,
   and Holder, JJ.