# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

**October 29, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

UNITED STEELWORKERS OF  )
AMERICA,  )
 )
    Plaintiff/Appellant,  )    Davidson Chancery
 )    No. 95-3724-I
VS.  )
 )    Appeal No.
TENNESSEE AIR POLLUTION  )    01A01-9605-CH-00235
CONTROL BOARD,  )
 )
    Defendant/Appellee.  )

## APPEAL FROM THE CHANCERY COURT
## FOR DAVIDSON COUNTY
## AT NASHVILLE, TENNESSEE

## THE HONORABLE IRVIN H. KILCREASE, JR., CHANCELLOR

For Plaintiff/Appellant:

W. Edward Ramage
Tuke Yopp & Sweeney
Nashville, Tennessee

For Defendant/Appellee:

John Knox Walkup
Attorney General and Reporter

Melissa L. Callaway
Assistant Attorney General
Environmental Division

## REVERSED AND REMANDED

WILLIAM C. KOCH, JR., JUDGE

# **O P I N I O N**

This appeal involves a dispute over the issuance of an operating permit by the Tennessee Division of Air Pollution Control for a reheat furnace at a steel production facility in Rockwood. After the Division issued the permit, the United Steelworkers of America sought an appeal and a stay from the Tennessee Air Pollution Control Board. The Board denied the appeal on the ground that the union lacked standing because it was not an aggrieved party. The union filed a timely petition for review in the Chancery Court for Davidson County, but the trial court dismissed the petition because the union had failed to have summonses issued when it filed its petition and because the union failed to make the permit holder a party to the judicial review proceedings. We have determined that the union was not required to cause summonses to be issued when it filed its petition for review and that the union substantially fulfilled its statutory obligation to serve a copy of its petition on the permit holder. Accordingly, we reverse the order dismissing the union's petition for judicial review and remand the case for further proceedings.

## I.

In early 1995 Bayou Steel Corporation ("Bayou Steel"), a Delaware corporation, acquired a majority of the assets of the Tennessee Valley Steel Corporation, including a steel production facility in Rockwood, Tennessee.[1] In April 1995, Bayou Steel applied to the Tennessee Division of Air Pollution Control for a permit to operate the reheat furnace at the Rockwood facility. In its application, Bayou Steel stated that it intended to form another subsidiary, Bayou Steel Corporation (Tennessee) ("Bayou Steel (Tennessee)"), to operate the reheat furnace and requested permission to continue to operate under Tennessee Valley Steel Corporation's permit until the Division issued a permit to Bayou Steel (Tennessee). On May 25, 1995, the Division issued the permit to Bayou Steel without public notice or opportunity to comment.

---

[1]The fact that Bayou Steel used a subsidiary, TV Acquisition Corp., to purchase these assets is not relevant to this appeal.

On June 1, 1995, the United Steelworkers of America ("USWA") filed a petition for appeal and a request for a stay of the Division's May 25, 1995 decision with the Tennessee Air Pollution Control Board. In its petition, the USWA alleged that it "exists to protect and advocate for the various interests of its individual members and their families" and that its members "will suffer injury if the permit is issued because the emissions will adversely affect the air and air quality in the areas in which these members work, live, and recreate." Among other defects in the permitting process pointed out in its petition, the USWA pointed out that the Division had issued the permit to Bayou Steel rather than Bayou Steel (Tennessee), the current operator of the facility. On July 10, 1995, the Division issued a second permt to Bayou Steel (Tennessee).

Bayou Steel and Bayou Steel (Tennessee) intervened in the USWA's appeal.[2] Thereafter, Bayou Steel and the Division moved to dismiss the USWA's appeal because the USWA was not an aggrieved party and, therefore, lacked standing to complain about the Division's decision to issue the air permit to Bayou Steel (Tennessee). The Board heard the motions on September 13, 1995 and entered an order on October 2, 1995, stating that the USWA lacked standing to pursue its appeal because it was not an aggrieved party and because it had alleged only threatened or potential injury because the reheat furnace was not yet operating.

On November 28, 1995, the USWA filed a petition for review in the Chancery Court for Davidson County. The USWA also submitted three summonses addressed to the Tennessee Air Pollution Control Board, the Attorney General and Reporter, and Bayou Steel. Bayou Steel's summons identified "Bayou Steel Company" and the "Division of Air Pollution Control" as the respondents and listed Bayou Steel's address as "Bayou Steel Corporation" in care of its attorneys. Bayou Steel's attorneys accepted service of the summons on November 29, 1995. After the attorneys revoked their acceptance of service on January 2, 1996, the USWA prepared new summonses for Bayou Steel and Bayou Steel (Tennessee) which were served on the two corporations' registered agents for service of process on January 16, 1996.

---

[2]Bayou Steel later withdrew as a party of record in the administrative proceeding.

-3-

On the same day that Bayou Steel's attorneys withdrew their acceptance of the summons, the Board moved to dismiss the USWA's petition for judicial review on the ground that the court lacked subject matter jurisdiction. The Board asserted that the trial court lacked subject matter jurisdiction because the USWA failed to name Bayou Steel (Tennessee) as a party to its petition for judicial review and because the summons to Bayou Steel (Tennessee) was not issued within sixty days of the entry of the Board's final order. In response, the USWA moved under Tenn. R. Civ. P. 4.09 for permission to amend its original process naming "Bayou Steel Corporation" to add the parenthetical "(Tennessee)". Following a hearing, the trial court denied the USWA's motion to amend its process and granted the Board's motion to dismiss. The trial court explained that it lacked subject matter jurisdiction over the USWA's petition for review because the USWA had failed to have a summons served on Bayou Steel (Tennessee) and had failed to make Bayou Steel (Tennessee) a party within sixty days after the entry of the Board's final decision on October 2, 1995. The USWA has appealed from the dismissal of its petition.

## II.

We need not tarry long with the question concerning whether the USWA was required to file and serve a summons along with its petition for review. While different panels of this court had reached conflicting results while this case was pending before the trial court,[3] the Tennessee Supreme Court resolved the ambiguity created by these conflicting decisions when it held that the right to obtain judicial review of administrative decisions in accordance with Tenn. Code Ann. § 4-5-322 (1998) did not depend on the timely issuance of a summons when the defending party in the trial court was also a party to the administrative proceeding. *See Jaco v. Department of Heath, Bureau of Medicaid*, 950 S.W.2d 350, 353 (Tenn. 1997).

---

[3]*Compare HRA, Inc. v. Tennessee Dep't of Commerce & Ins.*, 914 S.W.2d 512, 515-16 (Tenn. Ct. App. 1995); *Metropolitan Gov't v. Tennessee Bd. of Equalization*, No. 01A01-9108-CH-00289, 1991 WL 274516, at *4 (Tenn. Ct. App. Dec. 27, 1991) (No Tenn. R. App. P. 11 application filed) (holding that a summons must be issued and served along with the petition for review) *with Jaco v. Department of Health*, No. 01A01-9507-CH-00285, 1996 WL 200341, at *4 (Tenn. Ct. App. April 26, 1996), *affirmed, Jaco v. Department of Health, Bureau of Medicaid*, 950 S.W.2d 350 (Tenn. 1997) (holding that a summons was not required). The panel that issued the *Jaco v. Department of Health* opinion did not call for an en banc hearing as envisioned by Tenn. Ct. App. Internal Operating Procedure (f).

The USWA filed its petition seeking judicial review within sixty days after the entry of the Board's October 2, 1995 order. The parties implicated by that petition were also parties to the Board's administrative proceedings. Because the USWA was not required to issue summonses to these parties along with its petition for review, the trial court erred by holding that it lacked subject matter jurisdiction solely because the USWA had failed to cause a summons to be issued and served on Bayou Steel (Tennessee).

### III.

The Board also asserts that the trial court properly dismissed the petition because the USWA failed to name Bayou Steel (Tennessee) as a party in its November 28, 1995 petition for review. This argument, like the earlier one regarding the necessity of a summons, is inconsistent with the plain meaning of Tenn. Code Ann. § 4-5-322(b)(2) and overlooks the fact that the parties to a contested case proceeding are parties to the judicial review proceeding by operation of law.

The Uniform Administrative Procedures Act contains two requirements for seeking judicial review of a final agency decision in a contested case proceeding. The first requirement involves the deadline for filing the petition for review. Tenn. Code Ann. § 4-5-322(b)(1) requires persons aggrieved by a final decision in a contested case to file a petition for review within sixty days after the entry of the agency's final order. This deadline is mandatory and jurisdictional, and failure to adhere to it is fatal for those seeking judicial review of an administrative decision. *See Bishop v. Department of Correction*, 896 S.W.2d 557, 558 (Tenn. Ct. App. 1994).

The second requirement is that the person seeking judicial review notify the proper persons that it has initiated judicial review of the agency decision. In this regard, Tenn. Code Ann. § 4-5-322(b)(2) provides:

> Copies of the petition shall be served upon the agency and all parties of record, including the attorney general and reporter, in accordance with the provisions of the Tennessee Rules of Civil Procedure pertaining to service of process.

This provision differs from the Model State Administrative Act and other states' administrative procedures acts in that it does not contain detailed requirements for the contents of the petition for review,[4] does not draw a distinction between service of the petition on the agency and providing notice to the other parties,[5] and does not provide a deadline for effecting service or notice.

Our responsibility is to construe Tenn. Code Ann. § 4-5-322(b)(2) without unduly restricting its coverage or expanding it beyond its intended scope. *See Perry v. Sentry Ins. Co.*, 938 S.W.2d 404, 406 (Tenn. 1996); *Kultura, Inc. v. Southern Leasing Corp.*, 923 S.W.2d 536, 539 (Tenn. 1996). We must derive a statute's meaning from its words, *see State v. Levandowski*, 955 S.W.2d 603, 604 (Tenn. 1997); *Riggs v. Burson*, 941 S.W.2d 44, 54 (Tenn. 1997), and when the statutory language is clear, we must enforce the statute as written. *See Hawks v. City of Westmoreland*, 960 S.W.2d 10, 16 (Tenn. 1997); *Davis v. Reagan*, 951 S.W.2d 766, 768 (Tenn. 1997).

Tenn. Code Ann. § 4-5-322(b)(2) could not be clearer. It simply requires the person seeking judicial review of an administrative agency's financial decision to serve a copy of its petition for review on the administrative agency, the Attorney General and Reporter, and the parties of record in the contested case proceeding. Nothing in this statute, nor in any other statute for that matter, prescribes the contents of the petition for review or requires the person seeking judicial review of an agency decision to take any other step to perfect its right to judicial review. Even the preparation and filing of the administrative record is the agency's responsibility. *See* Tenn. Code Ann. § 4-5-322(d).

Our earlier decisions construing the requirements in Tenn. Code Ann. § 4-5-322(b)(2) have been colored by the mistaken conclusion that persons seeking judicial

---

[4]The model act requires that a petition for review must contain (1) the name and mailing address of the petitioner, (2) the name and address of the agency whose action is at issue, and (3) the identity of the persons who were parties in any adjudicative proceeding that led to the agency action at issue. *See* Model State Admin. Procedure Act (1981) § 5-109(b), 15 U.L.A. 118 (1990).

[5]The model act requires that the petition for review be served on the agency but only that the other parties to the adjudicatory proceeding be given notice. *See* Model State Admin. Procedure Act (1981) § 5-110, 15 U.L.A. 119 (1990).

review of administrative decisions were required to cause summonses to be served on the parties to the administrative proceeding.[6] Even though the Tennessee Supreme Court put that issue to rest in *Jaco v. Department of Health, Bureau of Medicaid*, dicta in the Court's opinion still clouds the meaning of Tenn. Code Ann. § 4-5-322(b)(2). In its *Jaco* opinion, the Court noted that the decision in the *HRA, Inc. v. Tennessee Dep't of Commerce & Ins.* that the petitioner had failed to preserve its right of judicial review was "clearly correct," but the Court never explained how it arrived at that conclusion. *See Jaco v. Department of Health, Bureau of Medicaid*, 950 S.W.2d at 353.

The two cornerstones of this court's *HRA, Inc.* decision were (1) that Tenn. Code Ann. § 4-5-322(b) required the issuance and service of a summons in addition to the service of the petition for review and (2) that a contested case proceeding and the judicial review of the outcome of a contested case proceeding were distinct and separate. *See HRA, Inc. v. Tennessee Dep't of Commerce & Ins.*, 914 S.W.2d at 514-516. The Tennessee Supreme Court later repudiated both these notions when it held that petitions for review could be served without summonses, *see Jaco v. Department of Health, Bureau of Medicaid*, 950 S.W.2d at 354, and that judicial review of an administrative order was "a continuing proceeding in which the parties have [already] been determined and are of record." *Jaco v. Department of Health, Bureau of Medicaid*, 950 S.W.2d at 352. With these cornerstones removed, it is difficult to perceive precisely how our conclusion that the petitioner in *HRA, Inc.* had failed to preserve its right of judicial review could be correct.

The entity seeking judicial review in the *HRA, Inc.* case filed a timely petition for review naming only the Commissioner of the Department of Commerce and Insurance. It also served a copy of its petition on the administrative law judge who presided over the contested case proceeding, the chief counsel of the Department of Commerce and Insurance, and the attorney representing the other party to the

---

[6]*See HRA, Inc. v. Tennessee Dep't of Commerce & Ins.*, 914 S.W.2d at 515-16; *Southwest Motor Freight, Inc. v. Department of Commerce & Ins.*, No. 01A01-9209-CH-00371, 1993 WL 82423, at *2-3 (Tenn. Ct. App. Mar. 24, 1993) (No Tenn. R. App. P. 11 application filed) (holding that the requirement of a summons was waived by a general appearance); *Metropolitan Gov't v. Tennessee Bd. of Equalization*, 1991 WL 274516, at *2-4.

contested case proceeding. It did not, however, serve the Attorney General and Reporter, as required by Tenn. Code Ann. § 4-5-322(b)(2).

In light of the plain language of Tenn. Code Ann. § 4-5-322(b)(2), the Tennessee Supreme Court's dicta in *Jaco* concerning the correctness of the result of our *HRA, Inc.* opinion could only have been based on the petitioner's failure to serve the Attorney General and Reporter. It could not have been based on the petitioner's failure to name all possible parties in its petition for review or to serve all parties within sixty days after the entry of the final administrative order because these requirements cannot be found in Tenn. Code Ann. § 4-5-322(b).

The purpose of the service requirement in Tenn. Code Ann. § 4-5-322(b)(2) is to ensure that the proper parties have notice that the court has been asked to review the administrative decision. *See Southwest Motor Freight, Inc. v. Department of Commerce & Ins.*, 1993 WL 82423, at *3; *see also Wisconsin Env'tl Decade, Inc. v. Public Serv. Comm'n*, 267 N.W.2d 609, 617-18 (Wis. 1978). Notice is adequate as long as the party to whom notice must be given is aware of the judicial review proceeding in sufficient time to prepare, appear, and be heard. *See Williamsburg Truck Plaza v. Muri*, 857 S.W.2d 534, 537 (Mo. Ct. App. 1993). Thus, as long as adequate notice has been given, substantial compliance with the notice requirement will be sufficient. *See Hall v. Seattle Sch. Dist. 1*, 831 P.2d 1128, 1130 (Wash. Ct. App. 1992).

Nothing in Tenn. Code Ann. § 4-5-322(b)(2), Tenn. R. Civ. P. 4, or in any other statute or rule, provides a deadline for serving the administrative agency, the Attorney General and Reporter, and the other parties of record in the administrative proceeding with a copy of the petition for review. In this case, the USWA filed its petition for review on November 28, 1995. It served Bayou Steel's attorneys with a copy of the petition on November 29, 1995, and it served both Bayou Steel and Bayou Steel (Tennessee) on January 16, 1996. Under these factual circumstances, Bayou Steel (Tennessee) received timely notice of the USWA's petition for review because it would have been afforded ample time to prepare, appear, and be heard with regard to the USWA's legal arguments that the Board had erred by dismissing its

appeal on the ground that it lacked standing to challenge the Division's issuance of a permit to operate the reheat furnace.

## IV.

We reverse the order dismissing the petition for review filed by the United Steelworkers of America and remand the case to the trial court with directions to hear and decide the standing issue in the USWA's petition on its merits. We also tax the costs of this appeal to the State of Tennessee.

_____
WILLIAM C. KOCH, JR., JUDGE


CONCUR:


_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION


_____
BEN H. CANTRELL, JUDGE