# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### October 22, 2008 Session

## SHELBY COUNTY SHERIFF'S DEPARTMENT v. MARK LOWE

**Direct Appeal from the Chancery Court for Shelby County**
**No. CH-06-2217-03      Kenny W. Armstrong, Chancellor**

_____

**No. W2008-00433-COA-R3-CV - Filed December 11, 2008**

_____

The Shelby County Sheriff's Department terminated the employment of Deputy Mark Lowe for violations of Department policies with respect to personal conduct, adherence to law, truthfulness, consorting with persons of bad or criminal reputation, and compliance with regulations regarding its code of ethics.  The Civil Service Merit Board found Deputy Lowe guilty of the charges, but determined the punishment was excessive and modified it to a three-month suspension without pay followed by a one-year probationary period.  Upon review, the chancery court affirmed the decision of the Civil Service Merit Board.  The Sheriff's Department appeals.  We vacate the order of the chancery court for lack of jurisdiction and dismiss.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated; and Dismissed**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Martin W. Zummach, Assistant Shelby County Attorney, for the appellant, Shelby County Sheriff's Department.

Thomas E. Hansom, Memphis, Tennessee for the Appellee, Mark Lowe.

## OPINION

Respondent/Appellee Mark Lowe (Mr. Lowe) is a deputy sheriff with the Shelby County Sheriff's Department ("the Department").  On May 17, 2005, the FBI/DEA executed a federal search warrant and conducted a search of Mr. Lowe's home in conjunction with its investigation of an organization known as the "Charles Price Drug Organization," which stemmed from its  multi-jurisdictional investigation of the theft of narcotics and other evidence from the Memphis Police Department property room.  Pending an ongoing investigation for alleged association with Charles Price and suspected insurance fraud, Mr. Lowe was relieved of duty with pay following the May 17 search.  Following its investigation of activities from 2002 to 2005, the Shelby County Sheriff's Office Bureau of Professional Standards & Integrity ("the Bureau") determined that Mr. Lowe was

in violation of Department policies with respect to personal conduct, adherence to law, truthfulness, consorting with persons of bad or criminal reputation, and compliance with regulations regarding its code of ethics.

Following a Loudermill hearing in February 2006, in March 2006 the Department notified Mr. Lowe that it had found him guilty of all charges and that his employment was terminated. Mr. Lowe appealed to the Shelby County Civil Service Merit Board ("the Board"), which found him guilty of the charged policy violations following a hearing on August 8, 2006. Despite its determination that Mr. Lowe was guilty of the asserted violations, the Board reversed the termination of his employment on the basis that it was excessive. In its written order of September 8, 2006, the Board modified the punishment to a three-month suspension without pay, to be followed by a one-year probationary period. In its September 11, 2006, letter to the Shelby County Sheriff, the Board advised the Department that it had sixty (60) days within which to appeal the Board's decision to the Circuit or Chancery Court of Shelby County.

On November 14, 2006, the Department filed a petition for writ of certiorari in the Shelby County Chancery Court.[1] Following a hearing on August 1, 2007, the chancellor determined that the Board's finding of guilt with respect to the charge of associating with persons of criminal reputation was not supported by substantial and material evidence. The chancellor upheld the Board's decision that termination of Mr. Lowe's employment was excessive.

The Department filed a timely notice of appeal to this Court, and oral argument was heard on the matter on October 22, 2008. On October 30, 2008, the Department was ordered to supplement the record in this cause with a copy of the Shelby County Charter, as amended, and with supplemental authority concerning the Board's standard of review of the Department's decision within fifteen (15) days from the date of entry of the Order. On November 14, 2008, the Department complied as ordered, supplementing the record with the Shelby County Charter, as amended, and the Shelby County Civil Service Merit Act of 1971, as amended.

### *Issue Presented*

The Department's statement of the issues presented for review is:

Whether the Chancery Court erred in failing to reverse the decision of the Shelby County Civil Service Merit Review Board (hereinafter "Board") when the Board found Mr. Lowe guilty of all charges leveled against him, yet modified the Shelby County's Sheriff's Department decision to terminate Mr. Lowe. The Board modified Mr. Lowe's termination to a three-month suspension. The Chancery Court upheld the Board's decision even though there was not one scintilla of evidence presented

---

[1]Although the chancery court's date stamp is not apparent on the copy of the petition included in the record transmitted to this Court, November 14, 2006, is the date recited in the Department's brief and the court's docket report.

by Mr. Lowe that the discipline meted to Mr. Lowe was in any way excessive or disparate.

*Analysis*

The pivotal question presented in this appeal, as we perceive it, concerns the application of the standard of review to be applied by the trial court in its review of the Board's decision, and by the Board in its review of the Department's determination, where the Board made no findings of fact to support its determination that the Department's decision to terminate Mr. Lowe was excessive. In its accompanying memorandum to its response to our order to supplement the record, the Department asserted that, pursuant to Tennessee Code Annotated § 27-9-114(b)(1)(2000), judicial review of the determinations of the Shelby County Civil Service Merit Board is governed by the standard of review set forth in Tennessee Code Annotated § 4-5-322. The Department also asserted that, because the Civil Service Merit Act authorizes the Board to modify punishment but does not indicate the standard of review to be exercised by the Board, it was the Department's contention that Tennessee Code Annotated § 27-9-114 should govern the Board's review.

Undoubtedly, section 27-9-114(a)(1)(Supp. 2008) provides that, in general, contested case hearings by county or municipal civil service boards affecting the employment status of a civil service employee must be conducted in conformance with the procedures set forth in the Uniform Administrative Procedures Act ("the UAPA") as codified in title 4, chapter 5, part 3. However, section 27-9-114(a)(2) specifically exempts civil service boards of counties organized under a home rule charter form of government from the UAPA contested case procedures. Thus, the Civil Service Merit Board of Shelby County, which is a home rule jurisdiction, is exempt from the contested case procedures set forth in the UAPA.

Additionally, pursuant to section 27-9-114(b)(1) and (2), judicial review of the decisions of civil service boards are governed by the judicial review standards set forth in the UAPA at Tennessee Code Annotated § 4-5-322, and petitions for review must be filed in the chancery court of the county in which the board is located. Therefore, judicial review of the relevant determinations of a civil service board governed by section 29-9-114(a)(1) clearly is governed by the UAPA. *City of Memphis v. Civil Serv. Comm'n of Memphis*, 216 S.W.3d 311, 316 (Tenn. 2007); *Tidwell v. City of Memphis*, 193 S.W.3d 555, 559-560 (Tenn. 2006). Whether section 4-5-322 governs judicial review of civil service boards not governed by section 27-9-114(a)(1), however, is less clear. *See, e.g., County of Shelby v. Tompkins*, 241 S.W.3d 500 (Tenn. Ct. App. 2007); *Gleaves v. Shelby County*, No. W2007-02259-COA-R3-CV, 2008 WL 4648354 (Tenn. Ct. App. Oct. 21, 2008); *King v. Shelby County Gov't Civil Serv. Merit Bd.*, No. W2006-02537-COA-R3-CV, 2007 WL 1695404 (Tenn. Ct. App. June 13, 2007)*; Sandifer v. Civil Serv. Merit Bd.*, No. W1999-02017-COA-R3-CV, 1999 WL 1336055 (Tenn. Ct. App. Dec. 15, 1999)(conducting judicial review pursuant to section 4-5-322). *But see, e.g., Fox v. Miles*, 164 S.W.3d 593 (Tenn. Ct. App. 2004); *Case v. Shelby County Civil Serv. Merit Bd.*, 98 S.W.3d 167 (Tenn. Ct. App. 2002); *Gross v. Gilless*, 26 S.W.3d 488 (Tenn. Ct. App. 1999); *Davis v. Lutrell*, No. W2007-01077-COA-R3-CV, 2007 WL 4374028 (Tenn. Ct. App. Dec. 17, 2007)(perm. app. granted May 5, 2008)(applying standard of review applicable to writs of

certiorari as enunciated in *Watts v. Civil Serv. Bd.*, 606 S.W.2d 274, 277 (Tenn. 1980)). Also unclear is whether, if section 27-9-114(b) extends to judicial review of civil service boards not proceeding under the contested case procedures of the UAPA, section 27-9-114(b) mandates the application of section 4-5-322 in its entirety, or only the standard of review enunciated in subsection 322(h). *See County of Shelby v. Tompkins,* 241 S.W.3d 500, 506, n.3 (Tenn. Ct. App. 2007)(perm. app. denied Nov. 19, 2007)(stating that if termination of employment was not mandated by county charter, the "analysis would then shift to . . . whether the Merit Board's modification comported with the UAPA provisions."); *King v. Shelby County Gov't Civil Serv. Merit Bd.*, No. W2006-01079-COA-R3-CV, 2006 WL 2506718 (Tenn. Ct. App. Aug. 31, 2006)(vacating the order of the trial court and remanding for further proceedings under Tennessee Code Annotated section 4-5-322).

As this Court has noted, section 4-5-322(h) generally codifies the scope of review applied under the common law writ of certiorari as described in *Watts. Knoxville Utils. Bd. v. Knoxville Civil Serv. Merit Bd.*, No. 03A01-9301-CH-00008, 1993 WL 229505, at *9 (Tenn. Ct. App. June 28, 1993). However, as noted, we believe section 27-6-114(b) is somewhat ambiguous with respect to whether it applies to civil service board proceedings not governed by the UAPA as mandated by section 27-5-114.[2] In this case, in light of the Board's September letter to the Department advising the Department that it had sixty days within which to appeal the Board's decision, it appears that this ambiguity extends to whether the period for appeal is governed by section 4-5-322, the judicial review subsection of the UAPA; section 27-9-102, which provides for the filing of review under writ of certiorari; or section 24 of the private act establishing the Civil Service Merit Act for Shelby County in 1971.

Tennessee Code Annotated § 4-5-322(b)(1)(A) provides that a petition for review "shall be filed with sixty (60) days after the entry of the agency's final order thereon." Similarly, Tennessee Code Annotated §27-9-102 provides that a petition for certiorari seeking review of a board or commission order or judgment shall be filed in the chancery court within sixty (60) days from the entry of the order or judgment. Section 24 of the Shelby County Civil Service Merit Act, however, provides:

> APPEAL FROM DECISION OF BOARD. Within 30 days following the publication of the decision of the Board, on any matter heard by it, either the involved employee or the appointing authority from whose order the appeal was taken may appeal the decision of the Board to the Circuit Court or Chancery Court of the County.

Private Acts, ch. 110, § 24 (1971).

The General Assembly has broad, "almost unlimited" authority to structure county and municipal government by private legislation when that legislation "does not contravene some

---

[2]Under the Shelby County Civil Service Merit Act, "[t]he Board shall, within 30 days from the filing of said appeal, commence a hearing thereon, and shall thereupon fully hear and determine the matter and shall either affirm, modify or revoke such order of discipline." Private Acts, ch. 110, § 23 (1971).

mandatorily applicable general state law" and when there is a "reasonable basis for classification or departure from general statutes." *Shelby County Civil Serv. Merit Bd. v. Lively*, 692 S.W.2d 15, 18 (Tenn. 1985). Thus, absent any amendment to the act or adjudication to the contrary, the Civil Service Merit Act as enacted by the General Assembly in 1971 mandates that any petition for review of the Shelby County Civil Service Board's determinations be filed within thirty (30) days of the Board's order.[3] *Case v. Shelby County Civil Serv. Merit Bd.*, 98 S.W.3d 167, 171 n.3 (Tenn. Ct. App. 2002)(perm. app. denied Dec. 9, 2002)(quoting 1971 Tenn. Priv. Acts ch. 110 § 24); *Kent v. Civil Serv. Merit Bd. of Shelby County,* 652 S.W.2d 350, 351 (Tenn. App. 1983)(noting that, under section 24 of the private act, "appeal" authorized to be filed within thirty days of Board order was review of order under petition for writ of certiorari and not *de novo* appeal); *Shelby County v. Taylor*, 1986 WL 13430, at *4 (Tenn. Ct. App. Dec. 1, 1986).

The deadline for filing a petition for review of an agency decision is mandatory and jurisdictional. *United Steel Workers of America v. Tenn. Air Pollution Control Bd.*, 3 S.W.3d 468, 472 (Tenn. Ct. App. 1998)(perm. app. denied Oct. 11, 1999). Accordingly, a trial court lacks subject matter jurisdiction to adjudicate a petition filed beyond the statutory deadline. *Id.* Subject matter jurisdiction concerns the authority of the court to hear a matter and cannot be waived. *Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 639 (Tenn. 1996). This Court may consider subject matter jurisdiction sua sponte. Tenn. R. App. P. 13(b); *Ruff v. State*, 978 S.W.2d 95, 98 (Tenn. 1998). It is well-settled that an order of a court acting without jurisdiction is void. *E.g., Shelby County v. City of Memphis*, 413, 365 S.W.2d 291, 292 (Tenn. 1963).

It appears from the record in this cause that the Board issued its final order on September 8, 2006.[4] The Department, however, did not file its petition for review in the chancery court until November 14, 2006. Thus, the Department's petition for review clearly was filed beyond the thirty days provided in section 24 of the Civil Service Merit Act and beyond the sixty days provided by Tennessee Code Annotated § 4-5-322 and by § 27-9-102. Accordingly, the trial court lacked jurisdiction over this matter, and its order is void.

***Holding***

---

[3] Although we note that a number of cases suggest that a petition for review may be filed within sixty days in accordance with section 27-9-102 where the trial court's jurisdiction was not addressed, it does not appear that the question of whether the time for appeal is governed by the private act or the general statute has been adjudicated with respect to the Shelby County Civil Service Merit Act. Further, the copy of the Shelby County Civil Service Merit Act provided to this Court by the Department in response to our Order of October 30, 2008, indicates no amendment to section 24 of the Act. Thus, barring adjudication to the contrary, it appears a petition for review of the determination of the Shelby County Civil Service Merit Board must be filed within thirty days of the publication of the Board's order.

[4] We observe that the Board's order was signed by the assistant secretary of the Board on August 28, 2006, and by the chairman of the Board on September 8, 2006. In its brief to this Court, the Department recites September 8, 2006, as the date on which the Board issued its opinion.

In light of the foregoing, the order of the trial court is vacated for lack of subject matter jurisdiction, and this appeal is dismissed. The resolution of the questions raised herein must therefore be resolved another day. Costs of this appeal are taxed to the Appellant, Shelby County Sheriff's Department.

_____
DAVID R. FARMER, JUDGE