

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00318-CR

---

ANTONIO GARCIA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 100th District Court
Childress County, Texas
Trial Court No. 7028, Honorable Stuart Messer, Presiding

---

May 1, 2024

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Antonio Garcia appeals from the trial court's judgment revoking his deferred adjudication community supervision, adjudicating him guilty of the first-degree felony offense of engaging in organized criminal activity, and imposing a forty-year term of imprisonment. The court also assessed an $8000 fine and court costs of $340.

Appellant's court-appointed appellate counsel filed a motion to withdraw supported by an *Anders* brief.[1]

In support of her motion to withdraw, counsel certified that she conducted a conscientious examination of the record, and in her opinion, it reflected no arguable basis for reversing appellant's conviction. *See Anders*, 386 U.S. at 744–45; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Counsel explained why, under the controlling authorities, the record supports that conclusion. She further demonstrated that she complied with the requirements of *Anders* and *In re Schulman* by 1) providing a copy of the brief, motion to withdraw, and appellate record to appellant, 2) notifying appellant of his right to file a pro se response, and 3) informing appellant of his right to file a pro se petition for discretionary review. *See In re Schulman*, 252 S.W.3d at 408. By letter dated March 18, 2024, this Court granted appellant an opportunity to file a response to counsel's motion and a pro se brief by April 17, 2024. To date, appellant has done neither or otherwise contacted the court.

We independently examined the record to determine whether there were any non-frivolous issues supporting reversal as required by *In re Schulman*. We conclude there is at least one. Nothing in the record currently before us indicates the trial court inquired "on the record whether the defendant has sufficient resources or income to immediately pay all or part of the fine and costs." *See* TEX. CODE CRIM. PROC. ANN. art. 42.15(a-1) (requiring same). Nor does the current record reveal the defendant waived the requirement on the record. *See id.* § 42.15(a-2) (stating that the defendant may waive

---

[1] *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

2

the requirement to be on the record). At least one Court of Appeals has held that to be a basis on which to remand for the appointment of new counsel in an *Ander's* setting. *See Almeida v. State*, No. 04-22-00669-CR, 2024 Tex. App. LEXIS 283, at *3–5 (Tex. App.—San Antonio Jan. 17, 2024, no pet.) (mem. op., not designated for publication) (abating and remanding because record was silent as to whether the court conducted an inquiry into the defendant's ability to pay the fine or costs).[2]

We therefore grant counsel's motion to withdraw, abate the appeal, and remand the cause to the trial court. *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009). On remand, the trial court shall, by written order, appoint new counsel to represent appellant on appeal. The name, address, email address, telephone number, and State Bar number of newly appointed counsel must be specified in the order. The trial court will then cause its order to be filed in a supplemental clerk's record with the Clerk of this Court no later than May 20, 2024.

In identifying an arguable issue, we do not predetermine its merit. Newly appointed appellate counsel is simply directed to brief the matter. That briefing shall include discussion on 1) whether potential non-compliance with article 42.15(a-1) requires preservation for review, 2) if so, whether non-compliance occurred here, and 3) if so, the effect of non-compliance and the extent of available remedies, such as remand or reversal. *See Cartwright v. State*, 605 S.W.2d 287, 289 (Tex. Crim. App. 1980) (remanding for the determination of the amount of restitution); *Drilling v. State*, 134

---

[2] Unlike the circumstances in *Sparks v. State*, No. 07-23-00215-CR, 2024 Tex. App. LEXIS 2574 (Tex. App.—Amarillo Apr. 12, 2024, no pet. h.) (mem. op., not designated for publication) and *Stanberry v. State*, No. 07-23-00194-CR, 2024 Tex. App. LEXIS 1066 (Tex. App.—Amarillo Feb. 9, 2024, no pet.) (mem. op., not designated for publication), the judgment here does not include a provision regarding the defendant's ability to immediately pay costs.

S.W.3d 468, 471 (Tex. App.—Waco 2004, order) (per curiam) (same). The deadline by which newly appointed counsel must file an appellant's brief addressing this and any other arguable issue he or she discovers is June 18, 2024, unless otherwise extended. Newly appointed counsel may also request the supplementation of the appellate record as needed. Such supplementation, if any, must be requested by written motion filed with the Clerk of this Court before June 3, 2024.

It is so ordered.

Per Curiam

Do not publish.